**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ORLANDES VANN, ELLIOT VANN WILLS,** | ) |
| **DEMETRIOUS WALKER** | ) |
| **and All Other Similarly Situated Individuals,** | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DOLLY, INC.** | ) |
| **A DELAWARE CORPORATION,** | ) |
| **DEFENDANT.** | ) |

**COMPLAINT FOR WAGE VIOLATIONS**

Plaintiffs Orlandes Vann, Elliot Vann Wills and Demetrious Walker, individually and on behalf of all others similarly situated, as class representative, through their attorneys Gainsberg Law, P.C. and Potter Bolanos LLC, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

**NATURE OF CASE**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the state wage and hour and payment laws where Defendant operates, specifically the states of California, Colorado, Illinois, Massachusetts, Oregon, Pennsylvania and Washington. for Defendant's: 1) failure to pay Plaintiffs and similarly situated employees known as "helpers/hands" at the least the federally and/or state-mandated mandated minimum wages for all time worked in violation of the FLSA and state minimum wage laws; and 2) paycheck deductions against the Plaintiffs and similarly situated employees for job rescheduling penalties in violation of state wage payment laws.

2.     Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 USC § 216(b), on behalf of themselves and all other similarly-situated employees who were employed by Defendant in the United States during the full statute of limitations period (the "FLSA Collective Period"). Plaintiffs and all such other similarly-situated Employees are referred to herein as the "FLSA Collective" in reference to FLSA violation allegations.

3.     Plaintiffs' claims under the the Chicago Minimum Wage Ordinance ("CMWO") and Illinois Minimum Wage Law ("IMWL") are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant to provide moving services in the geographic area of the City of Chicago and in Illinois, respectively, during the full statute of limitations periods (the "CMWO Class Period" and the "IMWL Class Period"). Plaintiffs and all other such similarly-situated employees are referred to herein as the "CMWO Class" and the "IMWL Class" in reference to CMWO and IMWL violation allegations.

4.     Upon information and belief, Defendant used an identical pay structure in every state in which it operated. State Law Minimum Wage Claims are brought on behalf of similarly situated employees of Defendant subject to Defendant's identical pay practices pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 during the full respective statute of limitations periods, in California pursuant to the California Labor Code Section 1182.12, California Labor Code Section 201, California Labor Code Section 226; Colorado pursuant to the Colorado Wage Act, CRS Sec. 8-4-101, et. seq. as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1; Oregon pursuant to ORS 652.120; ORS 653.010, 652.140 *et seq.*, Pennsylvania pursuant to Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et. seq.,* and Washington pursuant to Washington Minimum Wage Act, RCW 49.46.020 and RCW 49.46.090 (the laws collectively,

"State Minimum Wage Laws" and the classes collectively as "State Law Minimum Wage Classes").

    a.  All similarly-situated employees' claims for unpaid minimum wages under the California Labor Code Section 1182.12 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Code 1182.12 Class Period"). All such similarly-situated employees are referred to herein as the "CA Code 1182.12 Class" in reference to CA Code 1182.12 violation allegations.

    b.  All similarly-situated employees' claims failure to timely pay final wages at separation or termination under the California Labor Code Section 201 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Code 201 Class Period"). All such similarly-situated employees are referred to herein as the "CA Code 201 Class" in reference to CA Code 201 violation allegations.

    c.  All similarly-situated employees' claims for failure to provide accurate wage statements under the California Labor Code Section 226 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Code 226 Class Period"). All such similarly-situated employees are referred to herein as the "CA Code 226 Class" in reference to CA Code 226 violation allegations.

    d.  All similarly-situated employees' claims for unfair competition violations under the California Unfair Competition Law are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA UCL Class Period"). All such similarly-situated employees are referred to herein as the "CA UCL Class" in reference to CA UCL violation allegations.

    e.  All similarly-situated employees' claims for unpaid minimum wages under the Colorado Wage Act, CRS Sec. 8-4-101, et. seq. as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1 ("CO Wage and Hour Laws") are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Colorado during the full statute of limitations period (the "Colorado Class Period"). All such similarly-situated employees are referred to herein as the "Colorado Minimum Wage Class" in reference to Colorado Wage and Hour Laws violation allegations.

    f.  All similarly-situated employees' claims for unpaid minimum wages under the ORS 652.120; ORS 653.010, *et seq.* ("Oregon Minimum Wage Laws") are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Oregon during the full statute of limitations period (the "Oregon Minimum Wage Class

Period"). All such similarly-situated employees are referred to herein as the "Oregon Minimum Wage Class" in reference to the unpaid minimum wage Oregon Minimum Wage Laws violation allegations.

g. All similarly-situated employees' claims for unpaid minimum wages under the ORS 652.140 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Oregon during the full statute of limitations period (the "ORS 652.140 Class Period"). All such similarly-situated employees are referred to herein as the "ORS 652.140 Class" in reference to the ORS 652.140 violation allegations.

h. All similarly-situated employees' claims for unpaid minimum wages under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et. seq.* ("PMWA") are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Pennsylvania during the full statute of limitations period (the "PMWA Class Period"). All such similarly-situated employees are referred to herein as the "PMWA Class" in reference to the unpaid minimum wage PMWA violation allegations.

i. All similarly-situated employees' claims for unpaid minimum wages under the Washington Minimum Wage Act, RCW 49.46.020 and RCW 49.46.090 ("WMWA"), are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Washington during the full statute of limitations period (the "WMWA Class Period"). All such similarly-situated employees are referred to herein as the "WMWA Class" in reference to the unpaid minimum wage WMWA violation allegations.

5. Plaintiffs' claims under the Illinois Wage Payment and Collection Act ("IWPCA") for unlawful paycheck deductions, are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Illinois during the full statute of limitations period (the "IWPCA Class Period"). Plaintiffs and all other such similarly-situated employees are referred to herein as the "IWPCA Class" in reference to IWPCA violation allegations.

6. Upon information and belief, Defendant used an identical pay structure and identical pay practices in every state in which it operated. State Law Wage Deduction Claims are brought on behalf of similarly situated employees of Defendant subject to Defendant's identical pay practices pursuant to FRCP 23 during the full respective statute of limitations periods, in

California pursuant to California Labor Code Section 221, Colorado pursuant to Colorado Wage Claim Act, C.R.S. 8-4-101 *et. seq.*, Oregon pursuant to ORS 652.610, Pennsylvania pursuant to Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et. seq.* and Washington pursuant to RCW 49.52.050 (the laws collectively as "State Wage Deduction Laws" and the classes collectively as "State Law Wage Deduction Classes").

    a. All similarly-situated employees' claims for wage deductions under the California Labor Code Section 221 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Labor Code Section 221 Class Period"). All such similarly-situated employees are referred to herein as the "CA Labor Code Section 221 Class" in reference to CA Labor Code Section 221 wage deduction violation allegations.

    b. All similarly-situated employees' claims for wage deductions under the Colorado Wage Claim Act, C.R.S. 8-4-101 *et. seq.* ("CWCA"), are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Colorado during the full statute of limitations period (the "CWCA Class Period"). All such similarly-situated employees are referred to herein as the "CWCA Class" in reference to CWCA wage deduction violation allegations.

    c. All similarly-situated employees' claims for wage deductions under the ORS 652.610, are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Oregon during the full statute of limitations period (the "ORS 652.610 Class Period"). All such similarly-situated employees are referred to herein as the "ORS 652.610 Class" in reference to ORS 652.610 wage deduction violation allegations.

    d. All similarly-situated employees' claims for wage deductions under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et. seq.* ("PWPCL"), are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Pennsylvania during the full statute of limitations period (the "PWPCL Class Period"). All such similarly-situated employees are referred to herein as the "PWPCL Class" in reference to PWPCL wage deduction violation allegations.

    e. All similarly-situated employees' claims for wage deductions under RCW 49.52.050, are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Washington during the full statute of limitations period (the "RCW 49.52.050 Class Period"). All such similarly-situated employees are referred to herein as the "RCW 49.52.050 Class" in reference to RCW 49.52.050 wage deduction violation allegations.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over the state law claims of Plaintiffs and similarly-situated employees pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

8.     Venue is properly placed in this District because the Defendant Dolly, Inc. is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

### Plaintiff Orlandes Vann

9.     At all times relevant to this Complaint, Plaintiff Vann resided in Illinois and worked as a non-exempt employee for Defendant moving furniture for Defendant's customers in the geographic area of the City of Chicago and Chicagoland area, arranged through the internet-based "Dolly" application during the applicable statute of limitations period.

10.     Plaintiff Vann was employed with Defendant with the title of "helper" from June 2016 through July 2017.

11.     At all times relevant to the Complaint, Plaintiff Vann was a covered employee within the meaning of the FLSA, the CMWO, IMWL and the IWPCA.

### Plaintiff Elliot Vann Wills

12.     At all relevant times, Plaintiff Vann Wills resided in Illinois and worked as a non-exempt employee for Defendant moving furniture for Defendant's customers in the geographic

area of Chicago and the Chicagoland area, arranged through the internet-based "Dolly" application during the applicable statute of limitations period.

13.     Plaintiff Vann Wills was employed with Defendant with the title of "helper" from June 2016 through July 2017.

14.     At all times relevant to this Complaint, Plaintiff Vann Wills was a covered employee within the meaning of the FLSA, the CMWO, IMWL and the IWPCA.

**Plaintiff Demetrious Walker**

15.     At all relevant times, Plaintiff Walker resided in Illinois and worked as a non-exempt employee for Defendant moving furniture for Defendant's customers in the geographic area of Chicago and the Chicagoland area, arranged through the internet-based "Dolly" application during the applicable statute of limitations period.

16.     Plaintiff Walker was employed with Defendant with the title of "helper" from April 2018 through May 2018.

17.     At all times relevant to this Complaint, Plaintiff Walker was a covered employee within the meaning of the FLSA, the CMWO, IMWL and the IWPCA.

**Defendant Dolly Inc.**

18.     Defendant Dolly, Inc. is a Delaware corporation providing moving services for customers in California, Colorado, Illinois, the City of Chicago, Oregon, Pennsylvania and Washington through its internet-based "Dolly" application.

19.     At all times relevant to this Complaint, Defendant Dolly, Inc. met the definition of an "employer" of Plaintiffs and the proposed FLSA Collective, the proposed CMWO, IMWL, and IWPCA Classes, the proposed State Law Minimum Wages Classes and the State Law Wage Deduction Classes under all applicable statutes.

## **FACTS**

20.     At all times relevant, Defendant created an economic reality of an employer-employee relationship between Defendant and its employees, including Plaintiffs Vann, Vann Wills and Walker classified as "helpers" including but not limited to in the following ways:

a.  Exclusive control over setting rates charged to customers for moving services performed by helpers, including prohibiting "helpers" from directly negotiating higher rates based on unexpected work;

b.  Exclusive control over determining rates of compensation for helpers for moving services, including offers of additional compensation for 'core' helpers;

c.  Exclusive control over payment of compensation for moving services performed by helpers for customers;

d.  Exclusive control over "Dolly" internet-based application for both helpers and customers;

e.  Exclusive control over advertising of moving services provided by Dolly Inc. employed "helpers";

f.  Exclusive control over division of responsibilities between "helpers" and "helpers" responsible for bringing truck to moves;

g.  Exercised control over job assignment through rating system and selection criteria for "helpers" bidding on moving jobs through "Dolly" application;

h.  Exclusive control over methods of payments from customers and to helpers;

i.  Prohibited helpers from performing or soliciting independent services to customers;

j.  Exclusive control over posting of customer jobs that "helpers" could bid on;

k.  Control over number of "helper" bid submissions for customer jobs;

l.  Exercise of discipline, up to and including "deactivation," through limiting bidding by "helpers" deemed to have work performance issues or deemed not to be following Dolly, Inc. policies;

m.  Exercise of discipline through applying paycheck deduction penalties against "helpers" for relisting accepted bids;

n.  Required training on Dolly, Inc. policies and procedures;

o.  Mandated work methods through frequent email communication;

p.  Required moving jobs be performed within specified timeframes;

q.  Restricted methods of transportation to and from job sites by "helpers" including prohibiting bicycle transportation to and from work sites;

r.  Exercised control in approving applicants as "helpers" permitted to use "Dolly" application

s.  Prohibited "helpers" from using or subcontracting assisting of non-Dolly Inc. employees in any fashion with moving services;

t.  Restricted exchange of personal contact information between "helpers" and with customers;

u.  Required     Dolly,     Inc.     attire     be     worn     at     job-sites;

**Defendant Paid Plaintiffs, the FLSA Collective, the CWMO and IMWL Classes and the State Law Minimum Wage Classes Less than the Federal and State Law Mandated Minimum Wages for Hours Worked During Pay Periods with Unpaid Training, Unpaid Time Accessing "Dolly" Application and Due to Paycheck Deductions**

21.     At all times relevant, Defendant Dolly, Inc. failed to paid Plaintiffs, the FLSA Collective, the CMWO and IMWL Classes and the State Law Minimum Wage Classes for time spent reviewing, booking and confirming customer jobs through the "Dolly" internet-based applications, even though reviewing, booking and confirming customer jobs were duties required by Defendant as a condition of employment.

22.     At all times relevant, Defendant failed to paid Plaintiffs, the FLSA Collective, the CMWO and IMWL Classes and State Law Minimum Wage Classes for time spent reviewing Dolly, Inc. instructions sent through email, even though failure to follow said instructions could result in discipline from Defendant, up to and including termination.

23.     Defendant required the Plaintiffs, the FLSA Collective, the CMWO and IMWL Classes and the State Minimum Wage Classes to attend an in-person one-hour unpaid introductory training course at the beginning of their employment with Defendant.

24.     Plaintiff Vann, Plaintiff Vann Wills and Plaintiff Walker attended this unpaid introductory training course with Defendant on or after June 28, 2016.

25.      At all times relevant to the Complaint, Defendant would assess penalties against Plaintiffs, the FLSA Collective, the CMWO and IMWL Classes and the State Law Minimum Wage Classes and the State Law Wage Deduction Classes for relisting accepted job bids and for other violations of Defendant's policies.

26.     The penalties assessed against Plaintiffs, the FLSA Collective, the CMWO and IMWL Classes and the State Law Minimum Wage Classes and the State Law Wage Deduction Classes for relisting accepted job bids and for other violations of Defendant's policies were not

subject to written consent and were not for the benefit of the Plaintiffs, the FLSA Collective, the State Law Minimum Wage Classes or the State Law Wage Deduction Classes.

27. Defendant assessed said penalties against the paycheck of Plaintiff Orlandes Vann on the following dates:

a. Penalty of $25.00 on June 10, 2017;
b. Penalty of $15.00 on June 7, 2017;
c. Penalty of $15.00 on February 28, 2017;
d. Penalty of $5.00 on October 23, 2016;
e. Penalty of $15.00 on September 9, 2016.

28. Defendant assessed said penalty against the paycheck of Plaintiff Orlandes Vann on the following dates:

a. Penalty of $5.00 on April 22, 2018;

29. Upon information and belief, Plaintiff Vann Wills, the CMWO and IMWL Classes, the State Law Minimum Wage Classes and the State Law Wage Deduction Classes also had identical types of penalties assessed against their paychecks during the applicable statutory limitations periods.

30. During pay periods with low numbers of booked jobs, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by Plaintiffs, the FLSA Collective, the CMWO and IMWL Classes and the State Law Minimum Wage Classes to fall below the applicable FLSA mandated minimum wage, the CMWO mandated minimum wage, the IMWL mandated minimum wage and the applicable minimum wages set forth by the State Minimum Wage Laws applicable to State Law Minimum Wage Classes.

31.     Plaintiff Vann was paid less than the applicable FLSA minimum wage, the applicable CMWO mandated minimum wage and the applicable IMWL mandated minimum wage for all hours worked after calculation of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review including but not limited to the pay periods in which he was assessed penalties as set forth in this Complaint and during his initial pay period that should have included the one-hour of introductory training with Dolly Inc. he attended on June 24, 2016.

32.     Plaintiff Vann Wills was paid less than the applicable FLSA minimum wage, the applicable CMWO mandated minimum wage and the applicable IMWL mandated minimum wage for all hours worked after calculation of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review including but not limited to the pay periods in which he was assessed penalties as set forth in this Complaint and during his initial pay period that should have included the one-hour of introductory training with Dolly Inc. he attended upon hire.

33.     Plaintiff Walker was paid less than the applicable FLSA minimum wage, the applicable CMWO mandated minimum wage and the applicable IMWL mandated minimum wage for all hours worked after calculation of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review including but not limited to the pay periods in which he was assessed penalties as set forth in this Complaint and during his initial pay period that should have included the one-hour of introductory training with Dolly Inc. he attended upon hire.

## FLSA  Collective Allegations

34.     Plaintiffs bring Count I of the Complaint as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of themselves and on behalf of all other similarly-situated employees that fall within in the following definition (hereinafter, "FLSA Collective"):

a.     All individuals who were employed by Defendant Dolly, Inc. to perform moving services, in the United States of America during the past three years, ("FLSA Collective Period").

35.     Plaintiffs' consent forms to act as representative plaintiffs are attached as Exhibit A-C.

36.     At all times relevant to this Complaint, Plaintiffs and the other FLSA Collective plaintiffs were similarly situated, had substantially similar job duties and methods of compensation and are and have been subject to Defendant's common employment policies, programs, practices, procedures, protocols, routines, and rules.  Defendant willfully failed and refused to pay the FLSA Collective the minimum wage.  The claims of Plaintiffs stated herein is invariably the same as those of all the other FLSA Collective plaintiffs.

37.     Count I is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC 216(b).  The FLSA Collective plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant's business and payroll records.  Notice can be provided to the FLSA Collective plaintiffs via email, the Internet, and first class mail.

38.     At all times relevant hereto, Plaintiffs were "employees" of Defendant, as defined by the FLSA. 29 USC § 203(e).

39.     At all times relevant hereto, members of the FLSA Collective were "employees" of Defendant, as defined by the FLSA. 29 USC § 203(e).

40.    At all times relevant hereto, Defendant was the "employer" of Plaintiffs and the FLSA Collective as defined by the FLSA. 29 USC § 203(d).

41.    At all times relevant hereto, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 USC § 203(s)(1).

42.    During the last three calendar years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

**Rule 23 CMWO/IMWL/IWPCA and State Law Minimum Wage/State Law Wage Deduction Class Allegations**

43.    Plaintiffs brings their CMWO, IMWL and IWPCA claims respectively as Counts II, III and IV, as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons who fall within the following definitions:

    a.  **Count II:** "CMWO" - All individuals who were employed by Defendant Dolly, Inc. to perform moving services, in the geographic limits of the City of Chicago during the past three years (the "CMWO Class Period").

    b.  **Count III:** "IMWL Class" - All individuals who were employed by Defendant Dolly, Inc. to perform moving services, in Illinois during the past three years (the "IMWL Class Period").

    c.  **Count IV:** "IWPCA Class" - All individuals who were employed by Defendant Dolly, Inc. to perform moving services in Illinois during the past ten years (the "IMWL                    Class                    Period").

44.    State Law Minimum Wage and State Law Deduction claims are brought as Counts V-XVIII as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of similarly situated-persons employees who fall within the following definitions:

    a.  **Count V:** All similarly-situated employees' claims for unpaid minimum wages under the California Labor Code Section 1182.12 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Code 1182.12 Class Period"). All such similarly-

situated employees are referred to herein as the "CA Code 1182.12 Class" in reference to CA Code 1182.12 violation allegations.

b. **Count VI:** All similarly-situated employees' claims failure to timely pay final wages at separation or termination under the California Labor Code Section 201 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Code 201 Class Period"). All such similarly-situated employees are referred to herein as the "CA Code 201 Class" in reference to CA Code 201 violation allegations.

c. **Count VII:** All similarly-situated employees' claims for failure to provide accurate wage statements under the California Labor Code Section 226 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Code 226 Class Period"). All such similarly-situated employees are referred to herein as the "CA Code 226 Class" in reference to CA Code 226 violation allegations.

d. **Count VIII:** All similarly-situated employees' claims for unfair competition violations under the California Unfair Competition Law are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA UCL Class Period"). All such similarly-situated employees are referred to herein as the "CA UCL Class" in reference to CA UCL violation allegations.

e. **Count IX:** All similarly-situated employees' claims for unpaid minimum wages under the Colorado Wage Act, CRS Sec. 8-4-101, et. seq. as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1 ("CO Wage and Hour Laws") are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Colorado during the full statute of limitations period (the "Colorado Class Period"). All such similarly-situated employees are referred to herein as the "Colorado Minimum Wage Class" in reference to Colorado Wage and Hour Laws violation allegations.

f. **Count X:** All similarly-situated employees' claims for unpaid minimum wages under the ORS 652.120; ORS 653.010, *et seq.* ("Oregon Minimum Wage Laws") are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Oregon during the full statute of limitations period (the "Oregon Minimum Wage Class Period"). All such similarly-situated employees are referred to herein as the "Oregon Minimum Wage Class" in reference to the unpaid minimum wage Oregon Minimum Wage Laws violation allegations.

g. **Count XI:** All similarly-situated employees' claims for unpaid minimum wages under the ORS 652.140 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Oregon during the full statute of limitations period (the "ORS 652.140 Class Period"). All such similarly-situated employees are referred

to herein as the "ORS 652.140 Class" in reference to the ORS 652.140 violation allegations.

h. **Count XII:** All similarly-situated employees' claims for unpaid minimum wages under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et. seq.* ("PMWA") are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Pennsylvania during the full statute of limitations period (the "PMWA Class Period"). All such similarly-situated employees are referred to herein as the "PMWA Class" in reference to the unpaid minimum wage PMWA violation allegations.

i. **Count XIII:** All similarly-situated employees' claims for unpaid minimum wages under the Washington Minimum Wage Act, RCW 49.46.020 and RCW 49.46.090 ("WMWA"), are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Washington during the full statute of limitations period (the "WMWA Class Period"). All such similarly-situated employees are referred to herein as the "WMWA Class" in reference to the unpaid minimum wage WMWA violation allegations.

j. **Count XIV:** All similarly-situated employees' claims for wage deductions under the California Labor Code Section 221 are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in California during the full statute of limitations period (the "CA Labor Code Section 221 Class Period"). All such similarly-situated employees are referred to herein as the "CA Labor Code Section 221 Class" in reference to CA Labor Code Section 221 wage deduction violation allegations.

k. **Count XV:** All similarly-situated employees' claims for wage deductions under the Colorado Wage Claim Act, C.R.S. 8-4-101 *et. seq.* ("CWCA"), are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Colorado during the full statute of limitations period (the "CWCA Class Period"). All such similarly-situated employees are referred to herein as the "CWCA Class" in reference to CWCA wage deduction violation allegations.

l. **Count XVI:** All similarly-situated employees' claims for wage deductions under the ORS 652.610, are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Oregon during the full statute of limitations period (the "ORS 652.610 Class Period"). All such similarly-situated employees are referred to herein as the "ORS 652.610 Class" in reference to ORS 652.610 wage deduction violation allegations.

m. **Count XVII:** All similarly-situated employees' claims for wage deductions under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et. seq.* ("PWPCL"), are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Pennsylvania during the full statute of limitations period (the "PWPCL Class Period"). All such similarly-situated employees are referred to

herein as the "PWPCL Class" in reference to PWPCL wage deduction violation allegations.

n. **Count XVIII:** All similarly-situated employees' claims for wage deductions under RCW 49.52.050, are brought as a class action pursuant to FRCP 23 on behalf of themselves and all other similarly-situated employees who were employed by Defendant in Washington during the full statute of limitations period (the "RCW 49.52.050 Class Period"). All such similarly-situated employees are referred to herein as the "RCW 49.52.050 Class" in reference to RCW 49.52.050 wage deduction violation allegations.

45. The basic job duties of the CMWO/IMWL/IWPCA Classes and the State Law Minimum Wage/State Law Wage Deduction Classes were the same as or substantially similar to those of Plaintiffs Vann, Vann Wills, and walker and the CMWO.IMWL/IWPCA Classes and the State Law Minimum Wage/State Law Wage Deduction Classes were paid by Defendant Dolly, Inc. in the same manner and under the same common policies, plans and practices as Plaintiff Vann, Plaintiff Vann Wills and Plaintiff Walker. The CMWO/IMWL/IWPCA Classes and the State Law Minimum Wage/State Law Wage Deduction Classes like Plaintiff Vann, Plaintiff Vann Wills and Plaintiff Walker have been subject to the same unlawful policies, plans and practices of Defendant Dolly, Inc., including failing to pay minimum wage for all hours worked, failing to make payments for all hours worked, making unlawful deductions from paychecks.

**Rule 23 Factors**

46. During the CMWO/IMWL/IWPCA Class Periods, Defendant Dolly, Inc. was fully aware of the duties performed by Plaintiffs, the CMWO/IMWL/IWPCA Classes and that those duties were not exempt from the minimum wage, overtime requirements and other applicable provisions of the CMWO/IMWL/IWPCA and/or its regulations.

47. During the State Law Minimum Wage/State Law Wage Deduction Class Periods, Defendant Dolly, Inc. was fully aware of the duties performed by State Law Minimum Wage/State Law Wage Deduction Classes and that those duties were not exempt from the minimum wage,

overtime requirements and other applicable provisions of the State Minimum Wage Laws and/or regulations.

48.     As a result of Defendant Dolly, Inc.'s conduct as alleged herein, Defendant Dolly, Inc. violated the CMWO, the IMWL, the IWPCA and/or its regulations, and the State Minimum Wage Laws with regards to Plaintiffs and the CMWO/IMWL/IWPCA Classes and the State Law Minimum Wage Classes. Defendant Dolly, Inc.'s violations of the CMWO/IMWL/IWPCA and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis.

49.     As a result of Defendant Dolly, Inc.'s conduct as alleged herein, Defendant Dolly, Inc. violated the State Minimum Wage Laws/State Wage Deduction Laws with regards to the State Law Minimum Wage/State Law Wage Deduction Classes. Defendant Dolly, Inc.'s violations of the State Minimum Wage Laws/State Wage Deduction Laws and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis.

50.     Certification of the CMWO/IMWL/IWPCA Classes' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' CMWO/IMWL/IWPCA claims and the CMWO/IMWL/IWPCA claims of the CMWO/IMWL/IWPCA Classes.

51.     Certification of the State Law Minimum Wage/State Law Wage Deduction Classes' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to the State Minimum Wage Law/State Wage Deduction Law claims of the State Law Minimum Wage/State Law Wage Deduction Classes.

52.     Plaintiff Vann, Vann Wills and Walker have standing to seek such relief because of the adverse effect that Defendant Dolly, Inc.'s unlawful compensation policies and practices have had on them individually and on members of the CMWO/IMWL/IWPCA Classes.

53.     Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

54.     Certification of the CMWO/IMWL/IWPCA Classes is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the CMWO/IMWL/IWPCA Classes and Defendant Dolly, Inc.

55.     Certification of the State Minimum Wage Law/State Wage Deduction Law Classes is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the State Minimum Wage Law/State Wage Deduction Law Classes and Defendant Dolly, Inc.

56.     Plaintiffs' claims raise questions of law and fact common to the CMWO/IMWL/IWPCA Classes. Among these questions are:

>   o.  Whether Defendant Dolly, Inc. employed Plaintiffs and the CMWO/IMWL/IWPCA Classes members within the meaning of the CMWO/IMWL/IWPCA;
>   p.  Whether Defendant Dolly, Inc. failed to pay Plaintiffs and the CMWO/IMWL Class applicable minimum wage compensation for all hours worked during the CMWO/IMWL Class Periods;
>   q.  Whether Defendant Dolly, Inc. made unlawful deductions from the wages of Plaintiffs and the CMWO/IMWL/IWPCA Classes;
>   r.  Whether Defendant Dolly, Inc.'s violations of the CMWO/IMWL/IWPCA and/or its regulations were willful.

57.     The State Minimum Wage Laws/State Wage Deduction Laws claims raise questions of law and fact common to the State Minimum Wage Law/State Wage Deduction Law Classes. Among these questions are:

>   s.  Whether Defendant Dolly, Inc. employed and the State Minimum Wage Law/State Wage Deduction Law Classes members within the meaning of the respective State Minimum Wage Laws/State Wage Deduction Laws;

     t.    Whether Defendant Dolly, Inc. failed to pay State Minimum Wage Law Classes minimum wage compensation for all hours worked during the State Minimum Wage Law Class Period;

     u.    Whether Defendant Dolly, Inc. made unlawful deductions from the wages of State Wage Deduction Law Classes;

     v.    Whether Defendant Dolly, Inc.'s violations of the State Law Minimum Wage/State Law Wage Deduction laws and/or the regulations were willful.

58.    These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

59.    Plaintiffs are members of the CMWO/IMWL/IWPCA Classes that they seek to represent. Plaintiffs' claims are typical of the claims of the CMWO/IMWL/IWPCA Classes. The relief Plaintiffs seek for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the CMWO/IMWL/IWPCA Classes.

60.    The State Law Minimum Wage/State Law Wage Deduction claims are typical of the claims of the State Law Minimum Wage/State Law Wage Deduction Classes. The relief sought for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the State Law Minimum Wage/State Law Wage Deduction Classes.

61.    Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

62.    The combined interests, experience and resources of Plaintiffs and counsel to litigate the individual and CMWO/IMWL/IWPCA State Law Minimum Wage/State Law Wage Deduction Classes' claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

63.    The common issues of fact and law affecting Plaintiffs' claims and those of the CMWO/IMWL/IWPCA and State Law Minimum Wage/State Law Wage Deduction Classes

members, including the common issues identified above, predominate over any issues affecting only individual claims.

64.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the CMWO/IMWL/IWPCA and State Law Minimum Wage/State Law Wage Deduction Classes.  There will be no difficulty in the management of this action as a class action.

65.     The cost of proving Defendant Dolly, Inc.'s violations of the CMWO/IMWL/IWPCA and State Minimum Wage Laws/State Wage Deduction Laws and the supporting regulations makes it impracticable for Plaintiffs and the CMWO/IMWL/IWPCA Classes and the State Minimum Wage Laws/State Wage Deduction Law Classes to pursue their claims individually.

66.     Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.

67.     The claims of the CMWO/IMWL/IWPCA Classes and State Law Minimum Wage/State Law Wage Deduction Classes interrelate such that the interests of the members will be fairly and adequately protected in their absence.

68.     Additionally, the questions of law and fact common to the CMWO/IMWL/IWPCA and State Minimum Wage Law/State Wage Deduction Law Classes arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendant Dolly, Inc.'s liability.

69.     The CMWO/IMWL/IWPCA Classes and State Minimum Wage Law/State Wage Deduction Law Classes are so numerous that joinder of all members is impracticable.  While the exact number of the CMWO/IMWL/IWPCA and State Minimum Wage Law/State Law Wage

Deduction Law Classes is unknown to Plaintiffs at the present time, upon information and belief, there are at least 150 similarly-situated persons who were/are employed by Defendant Dolly, Inc. during the State Minimum Wage Law/State Wage Deduction Class Periods and the CMWO/IMWL Class Periods and the IWPCA Class Period.

70.     Courts in the Northern District of Illinois routinely grant class certification in similar cases alleging violations the IMWL. See, e.g., *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) (granting class certification on non-tipped duties claim) and Driver, No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, *15 (N.D. Ill. Mar. 2, 2012) (decertification denied); *Clark v. Honey-Jam Cafe*, LLC, 11 C 3842, 2013 WL 1789519 (N.D. Ill. Mar. 21, 2013) (same); *Johnson v. Pinstripes, Inc.*, 12 C 1018, 2013 WL 5408657 (N.D. Ill. Sept. 26, 2013) (same); *Haschak v. Fox & Hound Rest. Grp.*, et al., No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012) (same); *Schaefer v. Walker Bros. Enters., Inc.*, 10 6366, 2012 U.S. Dist. LEXIS 65432, *4 (May 7, 2012) (same).

## CMWO Employment Relationships

71.     At all times relevant to this Complaint, Defendant was an "employer" pursuant CWMO Chicago Mun. Code Chap. 1-24-010 of Plaintiffs, and Plaintiffs were "covered employees" of Defendant performing moving services in the geographic boundaries of the City of Chicago.

## IMWL Employment Relationships

72.     At all times relevant hereto, members of the IMWL Class, including Plaintiffs, were "employees" of Defendant Dolly, Inc., as defined by the IMWL. 820 ILCS § 105/3(d).

73.     At all times relevant hereto, the Defendant Dolly, Inc. were the "employer" of members of the IMWL Class and the Plaintiffs, as defined in the IMWL. 820 ILCS § 105/3(c).

### IWPCA Employment Relationships

74.     At all times relevant hereto, members of the IWPCA Class, including Plaintiffs, were "employees" of Defendant Dolly, Inc., as defined by the IWPCA. 820 ILCS § 115/2.

75.     At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the IWPCA Class and the Plaintiffs, as defined in the IWPCA. 820 ILCS § 115/2.

### California Labor Code Section 1182.12; California Labor Code §201; §221; §226, Employment Relationships

76.     At all times relevant hereto, members of the CA Code 1182.12; CA Code 201; CA Code 221 and CA Code 226 Classes, were "employees" of Defendant Dolly, Inc., as defined by CA Code 1182.12.

77.     At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the CA Code 1182.12; CA Code 201; CA Code 221 and CA Code 226 Classes, as defined by the CA Code 1182.12(b)(3).

### CO Minimum Wage Class Employment Relationships

78.     At all times relevant hereto, members of the CO Minimum Wage Class, were "employees" of Defendant Dolly, Inc., as defined by C.R.S. Sec. 8-1-101(6).

79.     At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the CO Minimum Wage Class, as defined by C.R.S. Sec. 8-1-101(7)(a).

### Oregon Minimum Wage Law and ORS 652.610 Employment Relationships

80.     At all times relevant hereto, members of the Oregon Minimum Wage and ORS 652.610 Classes, were "employees" of Defendant Dolly, Inc., as defined by O.R.S. 652.310.

81.     At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the Oregon Minimum Wage and ORS 652.610 Classes, as defined by O.R.S. 652.310.

## PMWA Class Employment Relationships

82.    At all times relevant hereto, members of the PMWA Class, were "employees" of Defendant Dolly, Inc., as defined by 43 P.S. § 333.103(h).

83.    At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the PMWA Class, as defined by 43 P.S. § 333.103(g).

## WMWA Employment Relationships

84.    At all times relevant hereto, members of the WMWA Class, were "employees" of Defendant Dolly, Inc., as defined by RCW 49.46.010 (4).

85.    At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the WMWA Class, as defined by RCW 49.46.010 (3).

## CWCA Employment Relationships

86.    At all times relevant hereto, members of the CWCA Class, were "employees" of Defendant Dolly, Inc., as defined by C.R.S. 8-4-101.

87.    At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the CWCA Class, as defined by C.R.S. 8-4-101.

## PWPCL Employment Relationships

88.    At all times relevant hereto, members of the PWPCL Class, were "employees" of Defendant Dolly, Inc.

89.    At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the PWPCL Class, as defined by 43 P.S. § 260.2a.

## RCW 49.52.050 Employment Relationships

90.    At all times relevant hereto, members of the RCW 49.52.050 Class, were "employees" of Defendant Dolly, Inc as defined by RCW 49.12.005 (4).

91.     At all times relevant hereto, the Defendant Dolly, Inc. was the "employer" of members of the RCW 49.52.050 Class, as defined by RCW 49.12.005 (3).

## COUNT I
### 29 USC § 206 FLSA Sec. 206 Violation – Failure to Pay Minimum Wage
### (Plaintiffs and the FLSA Collective Against Defendant Dolly, Inc.)

92.     Paragraphs 1-91 are re-alleged and reincorporated as though fully set forth here-in.

93.     This Count arises from Defendant Dolly, Inc.'s violation of 29 USC § 206 for their failure to pay minimum wages to Plaintiffs and the FLSA Collective.

94.     Defendant Dolly, Inc. failed to inform Plaintiffs and the FLSA Collective of the minimum wage provisions of the FLSA.

95.     Defendant Dolly, Inc. regularly required Plaintiffs and the FLSA Collective to perform work while failing to pay them full minimum hourly wages for that work.

96.     Defendant Dolly, Inc. deducted money as penalties for violation of Defendant Dolly Inc., policies from the paychecks of the Plaintiffs and FLSA Collective further bringing the total compensation for Plaintiffs and FLSA below the FLSA mandated minimum wage.

97.     In one or more individual workweeks during the FLSA Collective Period, Plaintiffs and the FLSA Collective's average hourly wages fell below minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by Plaintiffs and the FLSA Collective.

98.     Defendant Dolly, Inc. was aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective a full minimum wage.

99.     Defendant Dolly, Inc. willfully violated the FLSA by paying Plaintiffs and FLSA Collective sub-minimum hourly wages (a) without informing them of the minimum wage provisions of the FLSA and (b) while making deductions against their paychecks for their own benefit.

100.    29 USC § 216(b) authorizes following remedies for plaintiffs in relevant part for violations of 29 USC § 206 stating in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. […]

101.    29 USC § 216(b) also authorizes reasonable attorney's fees and costs for plaintiffs for violations of 29 USC § 206 stating in relevant part:

> […] The court in such action shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. […]

102.    29 USC § 255(a) sets the statute of limitations period for claims arising from willful violations of 29 USC § 201 et. seq. as three years.

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 USC 201 *et seq.*], the Walsh-Healey Act, or the                                                   Bacon-Davis                                         Act —
>
>> (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, pray for judgment against Defendant Dolly, Inc. as follows:

a.   A finding that Plaintiffs and the FLSA Collective are similarly situated;
b.   Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity

d. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and to assert timely FLSA claims by filing individual consent forms;

e. Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by Plaintiffs and the FLSA Collective for the three years prior to the filing of this lawsuit;

f. Liquidated damages against Defendant Dolly, Inc. in an amount equal to the amount of unpaid minimum wages;

g. Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and

h. Such other and further relief as this Court deems just and proper.

### COUNT II
**Chicago Minimum Wage Ordinance Violation – Failure to Pay Minimum Wage
(All Plaintiffs and CMWO Class Against Defendant Dolly, Inc.)**

103. Paragraphs 1-102 are re-alleged and reincorporated as though fully set forth here-in.

104. This count arises from Defendant Dolly, Inc.'s willful violation of the Chicago Minimum Wage Ordinance, Chicago Mun. Code Chap. 1-24-010 *et. seq.*, for Defendant Dolly, Inc.'s failure to pay Plaintiffs and the CMWO Class all their earned minimum wages for work performed in the geographic area of the City of Chicago.

105. At all times relevant hereto, the CMWO Class, including Plaintiffs, were not exempt from the minimum wage provisions of the CMWO.

106. Pursuant the CMWO, Chicago Mun. Code Chap. 1-24-020, Defendant was required to pay covered employees at least a minimum wage set forth by the CMWO for each regular hour worked while physically present within the geographic boundary of the City. Effective July 1, 2015, the Chicago Minimum Wage was $10.00 per hour, Effective July 1, 2016, the Chicago Minimum Wage was $10.50 per hour and effective July 1, 2017, the Chicago Minimum Wage became $11.00 per hour

107. In one or more individual workweeks, Defendant Dolly, Inc. paid Plaintiffs and the CMWO Class members less than the CMWO minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by Plaintiffs and CMWO Class members.

108. Pursuant the CMWO, Chicago Mun. Code Chap. 1-24-070, Defendant was required to post notice of CMWO mandated wages and other rights under the CMWO at the locations where Plaintiffs worked.

109. Defendant failed to make the CMWO posting.

110. Pursuant to 815 ILCS § 205/2, Plaintiffs and the CMWO Class as creditors are entitled to a five percent (5%) annual interest from time of withholding on all minimum wages unreasonably and vexatiously withheld by Defendant Dolly, Inc..

> Sec. 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

111. Pursuant the CMWO, Chicago Mun. Code Chap. 1-24-110, Plaintiffs and the CMWO Class are entitled to attorney's fees, costs and treble damages arising from this action to recover unpaid CMWO minimum wages against Defendant:

**1-24-110  Private Cause of Action.**

> If any Covered Employee is paid by his Employer less than the Wage to which he is entitled under this chapter, the Covered Employee may recover in a civil action three times the amount of any such underpayment, together with costs and such reasonable attorney's fees as the court allows. An

agreement by the Covered Employee to work for less than the Wage required under this chapter is no defense to such action.

WHEREFORE, Plaintiffs and the CMWO Class pray for judgment against Defendant Dolly, Inc., as follows:

a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

b. Judgment against Defendant Dolly, Inc., in the amount of all minimum wages due to Plaintiffs and CMWO Class as provided by the CMWO for the three years prior to the filing of this lawsuit;

c. Prejudgment interest against Defendant Dolly, Inc., on the back wages due Plaintiffs and CMWO Class in accordance with 815 ILCS § 205/2 and additional damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

d. Treble damages on all amounts of minimum wages due to Plaintiffs and the CMWO Class as provided by the CMWO against Defendant Dolly, Inc.;

e. Reasonable attorneys' fees and costs of this action as provided by the CMWO against Defendant Dolly, Inc.; and,

f. Such other and further relief as this Court deems just and proper.

## COUNT III
### Illinois Minimum Wage Law Violation – Failure to Pay Minimum Wage
### (All Plaintiffs and IMWL Class Against All Defendant Dolly, Inc.)

112. Paragraphs 1-111 are re-alleged and reincorporated as though fully set forth herein.

113. This count arises from Defendant Dolly, Inc.'s willful violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, et seq., for Defendant Dolly, Inc.'s failure to pay Plaintiffs and the IMWL Class all their earned minimum wages.

114. At all times relevant hereto, the IMWL class, including Plaintiffs, were not exempt from the minimum wage provisions of the IMWL.

115. In one or more individual workweeks, Defendant Dolly, Inc. paid Plaintiffs and the IMWL Class members less than the Illinois minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting

28

penalties would cause the hourly rate during the pay period for hours worked by Plaintiffs and IMWL Class members.

116.    Pursuant to 815 ILCS § 205/2, Plaintiffs and the IMWL Class as creditors are entitled to a five percent (5%) annual interest from time of withholding on all minimum wages unreasonably and vexatiously withheld by Defendant Dolly, Inc..

> Sec. 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

117.    Pursuant to 820 ILCS § 105/12(a), Plaintiffs and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment, plus reasonable attorney's fees and costs incurred in prosecuting the action.

> Sec. 12. (a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. […] Every such action shall be brought within 3 years from the date of the underpayment.[…]

WHEREFORE, Plaintiffs and the IMWL Class pray for judgment against Defendant Dolly, Inc., as follows:

   a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
   b. Judgment against Defendant Dolly, Inc., in the amount of all minimum wages due to Plaintiffs and IMWL Class as provided by the Illinois Minimum Wage Law for the three years prior to the filing of this lawsuit;

    c.  Prejudgment interest against Defendant Dolly, Inc., on the back wages due Plaintiffs and IMWL Class in accordance with 815 ILCS § 205/2 and additional damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

    d.  Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law against Defendant Dolly, Inc.; and,

    e.  Such other and further relief as this Court deems just and proper.

## COUNT IV
### Illinois Wage Payment and Collection Act
### (Plaintiffs and IWPCA Class Against Defendant Dolly, Inc.)

118.    Paragraphs 1-117 are re-alleged and reincorporated as though fully set forth herein.

119.    This count arises under the IWPCA, 820 ILCS § 115/1, et seq. for Defendant Dolly, Inc.'s penalty deductions against the paychecks of Plaintiffs and the IWPCA Class for relisting jobs without their express written consent, freely given.

120.    Defendant Dolly, Inc.'s relisting penalty deductions from the paychecks of Plaintiffs and the IWPCA Class members for violation of Defendant Dolly, Inc. policies violated the IWPCA as these deductions were not for the benefit of the employees and were not made with the express written consent, freely given, of the employees.

121.    Pursuant to 815 ILCS § 205/2, Plaintiffs and the IWPCA Class as creditors are entitled to a five percent (5%) annual interest from time of withholding on all relisting penalty deductions unreasonably and vexatiously withheld by Defendant Dolly, Inc.

Sec. 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

122.    The statute of limitations for the IWPCA is 10 years as set forth in 735 ILCS §

5/13-206:

> Ten year limitation.  Except as provided in Section 2-725 of the "Uniform Commercial
> Code", actions on bonds, promissory notes, bills of exchange, written leases, written
> contracts, or other evidences of indebtedness in writing and actions brought under the
> Illinois Wage Payment and Collection Act shall be commenced within 10 years next after
> the cause of action accrued[…]

123.    Pursuant to 820 ILCS § 115/14(a), Plaintiffs and the IWPCA Class are entitled to

recover unpaid wages for ten years prior to the filing of this suit, plus additional damages in the

amount of two percent (2%) per month of the amount of underpayment, plus reasonable attorney's

fees and costs incurred in prosecuting the action.

> Sec. 14. (a) Any employee not timely paid wages, final compensation, or wage supplements
> by his or her employer as required by this Act shall be entitled to recover through a claim
> filed with the Department of Labor or in a civil action, but not both, the amount of any such
> underpayments and damages of 2% of the amount of any such underpayments for each
> month following the date of payment during which such underpayments remain unpaid. In
> a civil action, such employee shall also recover costs and all reasonable attorney's fees.

WHEREFORE, Plaintiffs and the IWPCA Class pray for a judgment against Defendant

Dolly, Inc. as follows:

a.   That the Court determine and certify that this Count may be maintained as a class
     action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b.   Judgment against Defendant Dolly, Inc., to Plaintiffs and the IWPCA Class in the
     amount of relisting penalty deductions made against the paychecks of Plaintiffs and
     the IWPCA Class for the ten years prior to the filing of this lawsuit;
c.   Prejudgment interest against Defendant Dolly, Inc., to Plaintiffs and the IWPCA
     Class, for relisting penalty deductions from the paychecks of Plaintiffs and IWPCA
     Class in accordance with 815 ILCS § 205/2 and additional damages pursuant to the
     formula set forth in 820 ILCS § 115/14(a);
d.   Reasonable attorneys' fees and costs of this action as provided by the IWPCA
     against Defendant Dolly, Inc.; and
e.   Such other and further relief as this Court deems just and proper.

## COUNT V
### California Labor Code Section 1182.12 Violation – Failure to Pay Minimum Wage

**(CA Code 1182.12 Class Against Defendant Dolly, Inc.)**

124.    Paragraphs 1-123 are re-alleged and reincorporated as though fully set forth here-
in.

125.    This Count arises from Defendant Dolly, Inc.'s violation of California Labor Code
Section 1182.12 for their failure to pay minimum wages to the CA Code 1182.12 Class.

126.    Defendant Dolly, Inc. regularly required the CA Code 1182.12 Class members to
perform work while failing to pay them full minimum hourly wages for that work.

127.    In one or more individual workweeks during the CA Code 1182.12 Class Period,
CA Code 1182.12 Class members' average hourly wages fell below minimum wage, the
introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and
confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid
email review and/or relisting penalties would cause the hourly rate during the pay period for
hours worked by CA Code 1182.12 Class members.

128.    Defendant Dolly, Inc. was aware or should have been aware that California law
required them to pay CA Code 1182.12 Class members a full minimum wage.

129.    Defendant Dolly, Inc. willfully violated CA Code 1182.12 by paying the CA Code
1182.12 Class members sub-minimum hourly wages (a) without informing them of the minimum
wage provisions of the CA Code 1182.12 and (b) while making deductions against their paychecks
for their own benefit.

130.    California Labor Code §1194(a) provides that employees who have willfully not
been paid minimum wages may recover the unpaid balance of the full amount of such wages for
the three years prior to this lawsuit, interest thereon, attorney's fees and the costs of suit.

131.    In addition, California Labor Code §1194.2 provides that employees who are paid less than minimum wage are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon. On behalf of themselves and the Class, Plaintiffs seeks to recover such liquidated damages in amounts according to proof at the time of trial.

WHEREFORE, the CA Code 1182.12 Class members, pray for judgment against Defendant Dolly, Inc. as follows:

a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b. Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the CA Code 1182.12 Class members for the past three years;
c. Liquidated damages against Defendant Dolly, Inc. in an amount equal to the amount of unpaid minimum wages;
d. Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and
e. Such other and further relief as this Court deems just and proper.

## COUNT VI
**California Labor Code §§201 and 202 Violation – Failure to Pay Wages Due at Termination or Separation**
**(CA Code 201 Class Against Defendant Dolly, Inc.)**

132.    Paragraphs 1-131 are re-alleged and reincorporated as though fully set forth herein.

133.    At all relevant times, the CA Code 201 Class members were employees of Defendant Dolly, Inc. covered by California Labor Code § §§201 and 202.

134.    Pursuant to California Labor Code §§201 and 202, the CA Code 201 Class were entitled, upon termination, to timely payment of all minimum wages earned and unpaid. Discharged employees were entitled to payment of all minimum wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all minimum wages earned and unpaid prior to resignation within 72 hours after giving notice of

resignation or, if they gave 72 hours previous notice, they were entitled to payment of all minimum wages and overtime wages earned and unpaid at the time of resignation.

135.    Defendant Dolly, Inc. failed to timely pay the CA Code 201 Class all minimum wages earned and unpaid in accordance with California Labor Code §§201 or 202 upon termination or resignation. CA Code 201 Class members are informed and believe and thereon allege that, at all relevant times within the applicable limitations period, Defendant Dolly, Inc. had a practice of not paying, upon termination or resignation, the proper amount of unpaid minimum wages and overtime wages as a consequence of the practice of Defendant's failure to pay minimum wages and failure to properly calculate the amount of overtime compensation due and owing.

136.    Defendant Dolly, Inc.'s failure to timely pay the CA Code 201 Class all minimum wages and overtime wages earned upon termination or resignation, in accordance with California Labor Code §§201 and 202, was willful. Defendant, Dolly, Inc. had the ability to pay all minimum wages earned by CA Code 201 Class at the time of termination or resignation in accordance with California Labor Code §§201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§201 and 202.

137.    Pursuant to California Labor Code §§201 and 202, CA Code 201 Class are entitled to all minimum wages earned prior to termination or resignation that Defendant Dolly, Inc. failed to pay them.

138.    Pursuant to California Labor Code §203, CA Code 201 Class are entitled to penalty wages from the date their earned and unpaid minimum wages were due, until paid, up to a maximum of 30 days.

139.     As a result of Defendant Dolly, Inc.'s unlawful conduct, CA Code 201 Class have suffered damages in an amount subject to proof to the extent they were not paid for all minimum wages and overtime wages earned prior to termination or resignation.

140.     As a result of Defendant Dolly, Inc.'s unlawful conduct, CA Code 201 Class have suffered damages in an amount subject to proof to the extent they were not paid all penalty wages owed under California Labor Code §203.

141.     Pursuant to California Labor Code §§218 and 218.5, CA Code 201 Class are entitled to recover the full amount of their unpaid minimum wages and overtime wages, penalty wages under California Labor Code §203, reasonable attorneys' fees and costs of suit.

142.     Pursuant to California Labor Code §218.6 or Civil Code §3287(a), CA Code 201 Class are entitled to recover prejudgment interest on the amount of their unpaid minimum wages and unpaid penalty wages.

WHEREFORE, the CA Code 201 Class members, pray for judgment against Defendant Dolly, Inc. as follows:

a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b. Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the CA Code 201 Class members for the past three years;
c. Maximum penalty wages against Defendant Dolly, Inc. in an amount to be determined at trial;
d. Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and
e. Such other and further relief as this Court deems just and proper.

## COUNT VII
### California Labor Code §226 Violation – Failure to Provide Accurate Wage Statement
### (CA Code 226 Class Against Defendant Dolly, Inc.)

143.     Paragraphs 1-142 are re-alleged and reincorporated as though fully set forth herein.

144. At all relevant times, CA Code 226 Class members were employees of Defendant Dolly, Inc. covered by California Labor Code §226.

145. Pursuant to California Labor Code §226(a), CA Code 226 Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked by the employee at each hourly rate.

146. Defendant Dolly, Inc. failed to provide the CA Code 226 Class accurate itemized wage statements in accordance with California Labor Code §226(a).

147. The CA Code 226 Class are informed and believe and thereon allege that, at all relevant times, Defendant maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, the proper minimum wage hourly rate, the proper overtime hourly rates or the proper amounts of minimum and overtime wages due and owing employees. Defendant's practices resulted and, in the case of class members currently employed by Defendant, continue to result in the issuance of wage statements that did not show, among other things, the correct amount of minimum wages earned, the correct amount of gross wages owed, the correct amount of net wages owed and/or the proper hourly pay.

148. Defendant Dolly, Inc.'s failure to provide the CA Code 226 Class with accurate wage statements was knowing and intentional. Defendant had the ability to provide the CA Code 226 Class with accurate wage statements but intentionally provided wage statements that Defendant knew were not accurate.

149. As a result of Defendant Dolly, Inc's unlawful conduct, the CA Code 226 Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendant's unlawful pay practices, requires discovery and mathematical

computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

150. Pursuant to California Labor Code §226(e), the CA Code 226 Class are entitled to recover $50 for the initial pay period during the period in which violation of California Labor Code §226 occurred and $100 for each violation of California Labor Code §226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

151. Pursuant to California Labor Code §226(e) and 226(g), CA Code 226 Class were entitled to recover the full amount of penalties due under California Labor Code §226(e) as well as reasonable attorneys' fees and costs of suit.

WHEREFORE, the CA Code 226 Class members, pray for judgment against Defendant Dolly, Inc. as follows:

a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b. Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the CA Code 206 Class members for the past three years;
c. Maximum penalties against Defendant Dolly, Inc. in an amount to be determined at trial;
d. Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and
e. Such other and further relief as this Court deems just and proper.

## COUNT VIII
### California Unfair Competition Law Violation
### (CA UCL Class Against Defendant Dolly, Inc.)

140. Paragraphs 1-139 are re-alleged and reincorporated as though fully set forth herein.

141. The unlawful conduct of Defendant Dolly, Inc. alleged herein constitutes unfair competition within the meaning of Business & Professions Code §17200. Due to their unlawful

business practices in violation of the California Labor Code, Defendant has gained a competitive advantage over comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the California Labor Code.

142.     As a result of Defendant's unfair competition as alleged herein, CA UCL Class have suffered injury in fact and lost money or property. CA UCL Class have been deprived of their right to proper regular wages and overtime wages for all hours worked, accurate wage statements and payment of all earned regular wages and overtime wages due upon termination or resignation of employment. The CA UCL Class have not been paid all the monies owed to them under the California Labor Code.

143.     Pursuant to Business & Professions Code §17203, the CA UCL Class are entitled to restitution of all wages and other monies owed to them under the California Labor Code, including interest thereon, in which they had a property interest which Defendant failed to pay them but withheld and retained for themselves. Restitution of the money owed to CA UCL Class for the four years prior to the filing of this lawsuit is necessary to prevent Defendant from becoming unjustly enriched by their failure to comply with the California Labor Code.

144.     The CA UCL Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims, pursuant to Code of Civil Procedure §1021.5, the substantial benefit doctrine and/or the common fund doctrine.

WHEREFORE, the CA UCL Class members, pray for judgment against Defendant Dolly, Inc. as follows:

 a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
 b. Judgment for restitution against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the CA UCL Class members for four years prior to the filing of this lawsuit;

    c.   Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and

    d.   Such other and further relief as this Court deems just and proper.

**COUNT IX**

**Colorado Wage Act, CRS Sec. 8-4-101, *et. seq* Violation – Failure to Pay Minimum Wage**
**(Colorado Minimum Wage Class Against Defendant Dolly, Inc.)**

145.    Paragraphs 1-144 are re-alleged and reincorporated as though fully set forth herein.

146.    This Count arises from Defendant Dolly, Inc.'s violation of Colorado Wage Act, CRS Sec. 8-4-101, *et. seq.* as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1 for their failure to pay minimum wages to the Colorado Minimum Wage Class.

147.    Defendant Dolly, Inc. regularly required the Colorado Minimum Wage Class members to perform non-exempt work while failing to pay them full minimum hourly wages for that work.

148.    In one or more individual workweeks during the Colorado Minimum Wage Class Period, Colorado Minimum Wage Class members' average hourly wages fell below minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by Colorado Minimum Wage Class members.

149.    Defendant Dolly, Inc. was aware or should have been aware that California law required them to pay Colorado Minimum Wage Class members a full minimum wage.

150.    Defendant Dolly, Inc. willfully violated the Colorado Wage Act, CRS Sec. 8-4-101, *et. seq.* as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1 by paying the Colorado Minimum Wage Class members sub-minimum hourly wages (a) without

informing them of the minimum wage provisions of the Colorado Wage Act, CRS Sec. 8-4-101, *et. seq.* as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1 and (b) while making deductions against their paychecks for their own benefit.

151.    Colorado Wage Act, CRS Sec. 8-4-101, *et. seq.* as implemented by the applicable Colorado Wage Order, 7 CCR Sec. 1103-1 provides that employees who have willfully not been paid minimum wages may recover the unpaid balance of the full amount of such wages for three years prior to this lawsuit, interest thereon, attorney's fees and the costs of suit.

152.    In addition, Colo. Rev. Stat. § 8-4-109(3) provides that employees who are paid less than minimum wage are entitled to recover a penalty in an amount equal to 175% of the wages unlawfully unpaid and interest thereon. Members of the Colorado Minimum Wage Class seek to recover such liquidated damages in amounts according to proof at the time of trial.

WHEREFORE, Colorado Minimum Wage Class members, pray for judgment against Defendant Dolly, Inc. as follows:

a.  That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b.  Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by Colorado Minimum Wage Class members for the past three years;
c.  Penalties against Defendant Dolly, Inc. in an amount equal to 175% of the amount of unpaid minimum wages;
d.  Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and
e.  Such other and further relief as this Court deems just and proper.

### COUNT X
**ORS 652.120; ORS 653.010, *et seq.* ("Oregon Minimum Wage Laws") Violation – Failure to Pay Minimum Wage**
**(Oregon Minimum Wage Class Against Defendant Dolly, Inc.)**

153.    Paragraphs 1-152 are re-alleged and reincorporated as though fully set forth herein.

154.   This Count arises from Defendant Dolly, Inc.'s violation of ORS 652.120; ORS 653.010, *et seq.* ("Oregon Minimum Wage Laws") for their failure to pay minimum wages to the Oregon Minimum Wage Class.

155.   Defendant Dolly, Inc. regularly required the Oregon Minimum Wage Class members to perform work while failing to pay them full minimum hourly wages for that work.

156.   In one or more individual workweeks during the Oregon Minimum Wage Class Period, Oregon Minimum Wage Class members' average hourly wages fell below minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by Oregon Minimum Wage Class members.

157.   Defendant Dolly, Inc. was aware or should have been aware that Oregon law required them to pay Oregon Minimum Wage Class members a full minimum wage.

158.   Defendant Dolly, Inc. willfully violated the Oregon Minimum Wage Laws by paying the Oregon Minimum Wage Class members sub-minimum hourly wages (a) without informing them of the minimum wage provisions of the Oregon Minimum Wage Laws and (b) while making deductions against their paychecks for their own benefit.

159.   ORS 653.055 provides that employees who have not been paid minimum wages may recover the unpaid balance of the full amount of such wages for the two years prior to the filing of this lawsuit, interest thereon, attorney's fees and the costs of suit.

160.   ORS 652.150 provides that employees who are paid less than minimum wage are entitled to recover a civil penalty in an amount equal to the difference in the minimum wages

unlawfully unpaid and interest thereon. The Oregon Minimum Wage Class seeks to recover said civil penalties in amounts according to proof at the time of trial.

WHEREFORE, the Oregon Minimum Wage Class members, pray for judgment against Defendant Dolly, Inc. as follows:

a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b. Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the Oregon Minimum Wage Class members for the past two years;
c. Liquidated damages against Defendant Dolly, Inc. in an amount equal to the amount of unpaid minimum wages;
d. Reasonable attorneys' fees, interest and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and
e. Such other and further relief as this Court deems just and proper.

## COUNT XI
### ORS 652.140, *et seq.* Violation – Failure to Pay Final Wages
### (ORS 652.140 Class Against Defendant Dolly, Inc.)

161.     Paragraphs 1-160 are re-alleged and reincorporated as though fully set forth herein.

162.     This Count arises from Defendant Dolly, Inc.'s violation of ORS 652.140 for their failure to pay final wages at termination or separation to the ORS 652.140 Class.

163.     At all relevant times, ORS 652.140 Class members were employees of Defendant Dolly, Inc. covered by ORS 652.140.

164.     Pursuant to ORS 652.140, the ORS 652.140 Class were entitled, upon termination, to timely payment of all minimum wages earned and unpaid. Discharged employees were entitled to payment of all minimum wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all minimum wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72

hours previous notice, they were entitled to payment of all minimum wages and overtime wages earned and unpaid at the time of resignation.

165.    Defendant Dolly, Inc. failed to timely pay the ORS 652.140 Class all minimum wages earned and unpaid in accordance with ORS 652.140 upon termination or resignation. ORS 652.140 Class members are informed and believe and thereon allege that, at all relevant times within the applicable limitations period, Defendant Dolly, Inc. had a practice of not paying, upon termination or resignation, the proper amount of unpaid minimum wages and overtime wages as a consequence of the practice of Defendant's failure to pay minimum wages and failure to properly calculate the amount of overtime compensation due and owing.

166.    Defendant Dolly, Inc.'s failure to timely pay the ORS 652.140 Class all minimum wages earned upon termination or resignation, in accordance with ORS 652.140, was willful. Defendant, Dolly, Inc. had the ability to pay all minimum wages earned by ORS 652.140 Class at the time of termination or resignation in accordance with ORS 652.140, but intentionally adopted policies or practices incompatible with the requirements of ORS 652.140.

167.    Pursuant to ORS 652.140, the ORS 652.140 Class members are entitled to all minimum wages earned prior to termination or resignation that Defendant Dolly, Inc. failed to pay them.

168.    Pursuant to ORS 652.200, the ORS 652.140 Class are entitled to penalty wages from the date their earned and unpaid minimum wages were due, until paid, up to a maximum of 30 days.

WHEREFORE, the ORS 652.140 Class members, pray for judgment against Defendant Dolly, Inc. as follows:

      a.    That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

b. Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the ORS 652.140 Class members for the past two years;

c. Penalty wages against Defendant Dolly, Inc. in the maximum amount permissible pursuant to ORS 652.200;

d. Reasonable attorneys' fees, interest and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and

e. Whatever other relief this Court deems just and necessary.

## COUNT XII
### Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et. seq. ("PMWA") Violation –
### Failure to Pay Minimum Wage
### (PMWA Class Against Defendant Dolly, Inc.)

169.    Paragraphs 1-168 are re-alleged and reincorporated as though fully set forth herein.

170.    This Count arises from Defendant Dolly, Inc.'s violation Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et. seq. ("PMWA") for their failure to pay minimum wages to the PMWA Class.

171.    Defendant Dolly, Inc. regularly required the PMWA Class members to perform work while failing to pay them full minimum hourly wages for that work.

172.    In one or more individual workweeks during the PMWA Class Period, PMWA Class members' average hourly wages fell below minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by PMWA Class members.

173.    Defendant Dolly, Inc. was aware or should have been aware that Pennsylvania law required them to pay PMWA Class members a full minimum wage.

174.    Defendant Dolly, Inc. willfully violated PMWA by paying the PMWA Class members sub-minimum hourly wages (a) without informing them of the minimum wage

provisions of the PMWA and (b) while making deductions against their paychecks for their own benefit.

175.     43 P.S. § 333.113 provides that employees who have not been paid minimum wages may recover the unpaid balance of the full amount of such wages for the three years prior to the filing of this lawsuit, interest thereon, attorney's fees and the costs of suit.

176.     In addition, 43 P.S. § 260.10 provides that employees who are paid less than minimum wage, with the underpayment outstanding for more than 30 days without a good faith dispute, are entitled to recover a civil penalty in the amount of $500.00 or 25% of the minimum wages unlawfully unpaid and interest thereon. The PMWA Class seeks to recover such liquidated damages in amounts according to proof at the time of trial.

WHEREFORE, the PMWA Class members, pray for judgment against Defendant Dolly, Inc. as follows:

a.  That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b.  Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the PMWA Class members for the past three years;
c.  Civil penalties against Defendant Dolly, Inc. in an amount equal to the greater of $500.00 or 25% of the amount of unpaid minimum wages per PMWA class member;
d.  Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and
e.  Such other and further relief as this Court deems just and proper.

## COUNT XIII
### Washington Minimum Wage Act, RCW 49.46.020 and RCW 49.46.090 ("WMWA"))
### Violation – Failure to Pay Minimum Wage
### (WMWA Class Against Defendant Dolly, Inc.)

177.     Paragraphs 1-176 are re-alleged and reincorporated as though fully set forth herein.

178.    This Count arises from Defendant Dolly, Inc.'s violation of the Washington Minimum Wage Act, RCW 49.46.020 and RCW 49.46.090 ("WMWA") for their failure to pay minimum wages to the WMWA Class.

179.    Defendant Dolly, Inc. regularly required the WMWA Class members to perform work while failing to pay them full minimum hourly wages for that work.

180.    In one or more individual workweeks during the WMWA Class Period, WMWA Class members' average hourly wages fell below minimum wage, the introductory unpaid one-hour training, the amount of unpaid time spent reviewing, booking and confirming customer jobs on the "Dolly" internet-based app and/or unpaid training and/or unpaid email review and/or relisting penalties would cause the hourly rate during the pay period for hours worked by WMWA Class members.

181.    Defendant Dolly, Inc. was aware or should have been aware that Washington law required them to pay WMWA Class members a full minimum wage.

182.    Defendant Dolly, Inc. willfully violated WMWA by paying the WMWA Class members sub-minimum hourly wages (a) without informing them of the minimum wage provisions of the WMWA and (b) while making deductions against their paychecks for their own benefit.

183.    RCW 49.46.090 provides that employees who have not been paid minimum wages may recover the unpaid balance of the full amount of such wages for the three years prior to the filing of this lawsuit, interest thereon, attorney's fees and the costs of suit.

184.    RCW 49.52.070 provides that employees who are paid less than minimum wage without consent are entitled to recover a civil penalty in an amount equal to the difference in the

minimum wages unlawfully unpaid and interest thereon. The WMWA Class seeks to recover said

civil penalties in amounts according to proof at the time of trial.

WHEREFORE, the WMWA Class members, pray for judgment against Defendant Dolly,

Inc. as follows:

    a.  That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    b.  Judgment against Defendant Dolly, Inc. in the amount of the owed minimum wages for all time worked by the WMWA Class members for the three years prior to the filing of this lawsuit;

    c.  Civil penalties against Defendant Dolly, Inc. in an amount equal to the amount of unpaid minimum wages per WMWA class member;

    d.  Reasonable attorneys' fees and costs incurred in prosecuting this action against Defendant Dolly, Inc.; and

    e.  Such other and further relief as this Court deems just and proper.

## COUNT XIV
### California Labor Code Section 221 Violation
### (CA Labor Code Section 221 Class Against Defendant Dolly, Inc.)

185.    Paragraphs 1-184 are re-alleged and reincorporated as though fully set forth here-

in.

186.    This count arises under the California Labor Code Section 221 for Defendant Dolly,

Inc.'s penalty deductions against the paychecks of CA Labor Code Section 221 Class for relisting

jobs.

187.    Defendant Dolly, Inc.'s relisting penalty deductions from the paychecks of the CA

Labor Code Section 221 Class members for violation of Defendant Dolly, Inc. policies violated

the CA Labor Code Section 221 as these deductions were not for the benefit of the employees.

188.    California Labor Code Section 218.5 provides that employees who have not been

paid minimum wages may recover the unpaid balance of the full amount of such wages for the

past three years prior to the filing of this lawsuit, interest thereon, attorney's fees and the costs of

suit.

47

189.     Pursuant to California Labor Code Sections 218.6, CA Labor Code Section 221

Class as creditors are entitled to prejudgment interest from time of the withholding on all relisting

penalty deductions withheld by Defendant Dolly, Inc.

WHEREFORE, the CA Labor Code Section 221 Class prays for a judgment against

Defendant Dolly, Inc. as follows:

 a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
 b. Judgment against Defendant Dolly, Inc., to Plaintiffs and the CA Labor Class Section 221 Class in the amount of relisting penalty deductions made against the paychecks of the CA Labor Code Section 221 Class for the three years prior to the filing of this lawsuit;
 c. Maximum statutory prejudgment interest against Defendant Dolly, Inc., to the CA Labor Code Section 221 Class, for relisting penalty deductions from the paychecks of the CA Labor Code Section 221 Class;
 d. Reasonable attorneys' fees and costs of this action as provided by the CA Labor Code Section 218.5 against Defendant Dolly, Inc.; and;
 e. Such other and further relief as this Court deems just and proper.

### COUNT XV
### Colorado Wage Claim Act, C.R.S. 8-4-101 et. seq. ("CWCA") Violation
### (CWCA Class Against Defendant Dolly, Inc.)

190.     Paragraphs 1-189 are re-alleged and reincorporated as though fully set forth here-

in.

191.     This count arises under the Colorado Wage Claim Act, C.R.S. 8-4-101 *et. seq.*

("CWCA") for Defendant Dolly, Inc.'s penalty deductions against the paychecks of CWCA Class

for relisting jobs.

192.     Defendant Dolly, Inc.'s relisting penalty deductions from the paychecks of the

CWCA Class members for violation of Defendant Dolly, Inc. policies violated the CWCA as these

deductions were not for the benefit of the employees.

193.    C.R.S. 8-8-110, provides that employees who have willfully not been paid full wages may recover the unpaid balance of the full amount of such wages for the three years prior to the filing of this lawsuit and attorney's fees and the costs of suit.

WHEREFORE, the CWCA Class prays for a judgment against Defendant Dolly, Inc. as follows:

  a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
  b. Judgment against Defendant Dolly, Inc., to Plaintiffs and the CWCA Class in the amount of relisting penalty deductions made against the paychecks of the CWCA Class for the three years prior to the filing of this lawsuit;
  c. Reasonable attorneys' fees and costs of this action as provided by the CWCA against Defendant Dolly, Inc.; and
  d. Such other and further relief as this Court deems just and proper.

## COUNT XVI
### ORS 652.610 Violation
### (ORS 652.610 Class Against Defendant Dolly, Inc.)

194.    Paragraphs 1-193 are re-alleged and reincorporated as though fully set forth herein.

195.    This count arises under the ORS 652.610 for Defendant Dolly, Inc.'s penalty deductions against the paychecks of ORS 652.610 Class for relisting jobs.

196.    Defendant Dolly, Inc.'s relisting penalty deductions from the paychecks of ORS 652.610 Class members for violation of Defendant Dolly, Inc. policies violated the ORS 652.610 as these deductions were not for the benefit of the employees.

197.    ORS 652.615 provides that employees who have not been paid wages may recover the unpaid balance of the full amount of such wages for the six years prior to the filing of this lawsuit, interest thereon, attorney's fees and the costs of suit.

198. Pursuant to ORS 82.010, ORS 652.610 Class as creditors are entitled to 9% per annum prejudgment interest from time of the withholding on all relisting penalty deductions withheld by Defendant Dolly, Inc.

WHEREFORE, the ORS 652.610 Class prays for a judgment against Defendant Dolly, Inc. as follows:

    a. That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    b. Judgment against Defendant Dolly, Inc., to ORS 652.610 Class in the amount of relisting penalty deductions made against the paychecks of the ORS 652.610 Class for the six years prior to the filing of this lawsuit;

    c. Maximum statutory prejudgment interest against Defendant Dolly, Inc., to the ORS 652.610 Class, for relisting penalty deductions from the paychecks of the ORS 652.610 Class;

    d. Reasonable attorneys' fees and costs of this action against Defendant Dolly, Inc.; and;

    e. Such other and further relief as this Court deems just and proper.

## COUNT XVII
**Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et. seq*. ("PWPCL")
Violation
(PWPCL Class Against Defendant Dolly, Inc.)**

199. Paragraphs 1-198 are re-alleged and reincorporated as though fully set forth herein.

200. This count arises under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et. seq*. ("PWPCL") for Defendant Dolly, Inc.'s penalty deductions against the paychecks of PWPCL Class for relisting jobs.

201. Defendant Dolly, Inc.'s relisting penalty deductions from the paychecks of PWPCL Class members for violation of Defendant Dolly, Inc. policies violated the PWPCL as these deductions were not for the benefit of the employees.

202.    43 P.S. § 260.9(a) provides that employees who have not been paid wages may recover the unpaid balance of the full amount of such wages for the three years prior to the filing of this lawsuit, attorney's fees and the costs of suit.

203.    In addition, 43 P.S. § 260.10 provides that employees who are paid less than minimum wage are entitled to recover liquidated damages in an amount equal to 25% of the wages unlawfully unpaid and interest thereon. The PWPCL Class seeks to recover such liquidated damages in amounts according to proof at the time of trial.

WHEREFORE, the PWPCL Class prays for a judgment against Defendant Dolly, Inc. as follows:

    a.  That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
    b.  Judgment against Defendant Dolly, Inc., to PWPCL Class in the amount of relisting penalty deductions made against the paychecks of the PWPCL Class for the three years prior to the filing of this lawsuit;
    c.  Maximum statutory prejudgment interest against Defendant Dolly, Inc., to the PWPCL Class, for relisting penalty deductions from the paychecks of the ORS 652.610 Class;
    d.  Liquidated damages against Defendant Dolly, Inc. in an amount equal to the amount of 25% of the unpaid wages;
    e.  Reasonable attorneys' fees and costs of this action against Defendant Dolly, Inc.; and;
    f.  Such other and further relief as this Court deems just and proper.

## COUNT XVIII
### Washington Wage Rebate Act RCW 49.52.050 Violation
### (RCW 49.52.050 Class Against Defendant Dolly, Inc.)

204.    Paragraphs 1-203 are re-alleged and reincorporated as though fully set forth herein.

205.    This count arises under the Washington Wage Rebate Act, RCW 49.52.050 for Defendant Dolly, Inc.'s penalty deductions against the paychecks of RCW 49.52.050 Class for relisting jobs.

206.    Defendant Dolly, Inc.'s relisting penalty deductions from the paychecks of RCW 49.52.050 Class members for violation of Defendant Dolly, Inc. policies violated RCW 49.52.050 as these deductions were not for the benefit of the employees.

207.    RCW 49.52.070 provides that employees who have not been paid wages due to unlawful deductions may recover the unpaid balance of the full amount of such wages for the three years prior to the filing of this lawsuit, double damages, attorney's fees and the costs of suit.

WHEREFORE, the RCW 49.52.050 Class prays for a judgment against Defendant Dolly, Inc. as follows:

a.  That the Court determine and certify that this Count may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);
b.  Judgment against Defendant Dolly, Inc., to RCW 49.52.050 Class in the amount of relisting penalty deductions made against the paychecks of the RCW 49.52.050 Class for the three years prior to the filing of this lawsuit;
c.  Maximum statutory prejudgment interest against Defendant Dolly, Inc., to the RCW 49.52.050, for relisting penalty deductions from the paychecks of the RCW 49.52.050 Class;
d.  Liquidated damages against Defendant Dolly, Inc. in an amount equal to the amount of the unpaid wages;
e.  Reasonable attorneys' fees and costs of this action against Defendant Dolly, Inc.; and;
f.  Such other and further relief as this Court deems just and proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

GAINSBERG LAW, P.C.

By: __/s/ Nicholas Kreitman
        Nicholas Kreitman
        Plaintiffs' Attorney

Nicholas Kreitman
Gainsberg Law, P.C.
22 West Washington Street, 15th Floor

Chicago, Illinois 60602
(312) 600-9585
nick@gainsberglaw.com
Attorney ID # 6313283

Nieves Bolanos – Attorney ID # 6299128
Patrick Cowlin – Attorney ID # 6308800
Potter Bolanos LLC
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 861-1800
Nieves@potterlaw.org
Patrick@potterlaw.org