UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDES VANN, ELLIOT VANN WILLS, DEMETRIOUS WALKER, and All Other Similarly Situated Individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:18-cv-04455 |
| DOLLY, INC., | ) ) ) | Judge Charles P. Kocoras |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Dolly, Inc.'s ("Dolly") motion to dismiss Plaintiffs Orlandes Vann, Elliot Vann Wills, Demetrious Walker, and all other similarly situated individuals' (collectively, "Plaintiffs") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Dolly's motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the amended complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Dolly is a Delaware corporation that provides moving services for customers in several states across the country, including Illinois, through its internet-based "Dolly"

application. Plaintiffs are Illinois residents who worked for Dolly as "helpers," those who performed moving services for customers. The "Dolly" application allows customers to post listings for moving jobs which helpers bid on to secure work.

Dolly maintained exclusive control over rates charged for moving services, compensation and payment of helpers, maintenance of the "Dolly" application, advertising of moving services, and the division of responsibilities among helpers. Dolly also required helpers to be trained on company policies and enforced discipline for violations, including paycheck deductions if a helper relisted an accepted bid. Dolly prohibited helpers from exchanging personal information with customers or performing independent services for customers. Finally, Dolly mandated that helpers wear company-branded attire at jobsites.

According to the complaint, Dolly agreed to pay the helpers an hourly wage for time spent at a jobsite. Plaintiffs allege that this wage did not account for their entire work time, as it did not reflect time helpers spent booking customer jobs through the "Dolly" application, reviewing e-mails that detailed company instructions, or the one-hour unpaid training course at the commencement of a helper's employment. Plaintiffs claim that accounting for this additional time would cause their hourly rates to fall below the minimum wage.

Plaintiffs filed their original complaint on June 26, 2018, alleging minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Chicago

Minimum Wage Ordinance, Chicago Mun. Code Chap. 1-24-010 *et seq.* ("CMWO"). Plaintiffs also alleged unlawful paycheck deductions under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"). Plaintiffs filed their first amended complaint on December 14, 2018, reasserting these claims against Dolly. On January 29, 2019, Dolly moved to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

3

Dolly urges the Court to dismiss the first amended complaint because Plaintiffs do not adequately plead a claim for minimum wage violations or unlawful paycheck deductions. The Court addresses each argument in turn.

**I. Sufficiency of FLSA, IMWL, and CMWO Claims**

FLSA provides that "every employer shall pay to each of his employees who in any workweek is engaged in commerce…not less than—$7.25 an hour." 29 U.S.C. § 206. The Seventh Circuit has held that FLSA violations are not measured on an hourly basis, but rather by the employee's average wages over the course of the workweek. *Hirst v. SkyWest, Inc.*, 910 F.3d 961, 965 (7th Cir. 2018). Therefore, to state a claim under the FLSA, "the plaintiffs must plausibly allege at least one workweek for which the compensation they received, divided by their total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour." *Hirst v. SkyWest, Inc.*, 283 F.Supp.3d 684, 691 (N.D. Ill. 2017), *affirmed by Hirst*, 910 F.3d at 966.

To illustrate, in *Hirst*, the Seventh Circuit affirmed the dismissal of FLSA claims brought by flight attendants who were only compensated for the time they spent in the air. *Hirst*, 910 F.3d. at 964–66. The flight attendants asserted that they were not paid for the time required to go through security, to write reports about irregular operations, to read training materials, or for layovers between flights. *Hirst*, 283 F.Supp.3d at 687. The court dismissed the flight attendants' original complaint because it "failed to allege the plaintiffs' hourly wages, the total compensation they received for any workweek, and…the total number of hours worked in any given week." *Id*. at 691. Despite the

flight attendants alleging specific numbers slightly over $7.25 per hour in their amended complaint, the Court held that it was "utter speculation" to assume that "there must have been some coincidental occasions when the number of those hours combined to reduce their average hourly rate over that week below the minimum wage." *Id.* at 694. The court emphasized that dismissal was proper because "allegations to the effect that employees frequently or typically performed uncompensated work do not suffice to allege a plausible FLSA claim." *Id.*

Similar to the complaint in *Hirst*, Plaintiffs' allegations do not provide enough information to survive a motion to dismiss. Plaintiffs state that Dolly agreed to pay them an hourly wage, but do not indicate their hourly compensation. Plaintiffs allege that they were not compensated for their time spent booking jobs, reviewing e-mails, or attending a one-time training, but do not indicate the amount of paid or unpaid work they performed in a workweek. Indeed, Plaintiffs fail to allege the amount which they were compensated for any workweek. Without these details, the Court cannot determine whether Plaintiffs' wages fell below the floor provided by the FLSA.

This same analysis applies to Plaintiffs' allegations under the IMWL and the CMWO. *See Condo v. Sysco Corp.,* 1 F.3d 599, 601 n.3 (7th Cir. 1993); *Franks v. MKM Oil, Inc.*, 2010 WL 3613983, at *5 (N.D. Ill. 2010). Given that Plaintiffs do not allege details regarding the hours they worked or the compensation they received, they cannot state a claim under the IMWL or the CMWO. Accordingly, Dolly's motion to dismiss the FLSA, IMWL, and CMWO claims for failure to state a claim is granted.

**II. Sufficiency of IWPCA Claim**

The IWPCA gives employees "a cause of action against employers for the timely and complete payment of earned wages." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016). "In particular, the IWPCA prohibits employers from taking deductions from employees' wages unless the deductions are: (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; or (4) made with the express written consent of the employee, given freely at the time the deduction is made." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1050 (7th Cir. 2016) (internal quotation marks omitted).

However, the IWPCA narrowly defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties…." 820 ILCS 11/5. "As such, to state a claim under the IWPCA, the [plaintiffs] are required to demonstrate that they are owed compensation from defendants pursuant to an employment agreement." *Enger*, 812 F.3d at 568, *citing Dominguez v. Micro Ctr. Sales Corp.*, 2012 WL 1719793 (N.D. Ill. 2012) ("[T]he IWPCA mandates overtime pay or any other specific kind of wage only to the extent the parties' contract or agreement requires such pay."). As the Seventh Circuit has held, "the IWPCA provides no substantive relief beyond what the underlying employment contract requires." *Enger*, 812 F.3d at 570.

Although an employment contract or agreement "under the IWPCA need not be formal or in writing," *Martinez v. Citizen's Taxi Dispatch, Inc.*, 2017 WL 2311231, at

*6 (N.D. Ill. 2017), the pleadings need to include more than a conclusory allegation. For example, in *Smith*, the court held that the plaintiff's assertion that "[the parties] had an 'agreement' that Defendants would pay [plaintiff] an hourly wage for time worked off the clock" did not meet the pleading standards necessary to survive a motion to dismiss. *Smith v. C.H. James Restaurant Holdings, L.L.C.*, 2012 WL 255806, at *2 (N.D. Ill. 2012). The court emphasized that "[s]uch a conclusory allegation that there was an agreement is not sufficient to suggest that [plaintiff] and Defendants had the necessary mutual assent and formed an agreement concerning [plaintiff's] pay as it relates to his IWPCA claim." *Id.*

Though Plaintiffs plead details of the penalties assessed against Vann and Walker and note their lack of consent, they fail to allege any details of the underlying agreement that provides the basis for their substantive rights under the IWPCA. They simply assert that "Defendant agreed to pay Plaintiffs…an hourly wage for the time spent at a jobsite for labor only jobs and/or a fixed rate per job determined by Defendant for other jobs and/or jobs cancelled by Defendant's customers at the last minute." Akin to the dismissed complaint in *Smith*, Plaintiffs only set forth conclusory allegations of an agreement, which do not pass muster on a motion to dismiss. Without more information concerning the agreement, the Court cannot decipher to what the parties gave their mutual assent. Accordingly, the Court grants Dolly's motion to dismiss Plaintiff's IWPCA claim.

## **CONCLUSION**

For the aforementioned reasons, the Court grants Dolly's motion. It is so ordered.

Dated: 04/24/2019 _____

Charles P. Kocoras
United States District Judge