UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDES VANN, ELLIOT VANN WILLS, DEMETRIOUS WALKER, and all other similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 18 C 4455 |
| DOLLY, INC., | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Dolly, Inc.'s ("Dolly") motion to dismiss Plaintiffs Orlandes Vann ("Vann"), Elliot Vann Wills ("Van Wills"), Demetrious Walker ("Walker"), and all other similarly situated individuals' (collectively, "Plaintiffs") second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, Dolly moves to strike the Plaintiffs' class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23. For the following reasons, the Court grants in part and denies in part Dolly's motion to dismiss and grants the motion to strike.

## BACKGROUND

The underlying facts in this case are detailed in our prior opinion.[1] For purposes of this motion, the Court accepts as true the following facts from the second amended complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in the Plaintiffs' favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

As is relevant here, the Court dismissed the Plaintiffs' first amended complaint on April 24, 2019. The Plaintiffs filed their second amended complaint on July 24, 2019, alleging that Dolly committed minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Chicago Minimum Wage Ordinance, Chicago Mun. Code Chap. 1-24-010 *et seq.* ("CMWO"). Plaintiffs also allege unlawful paycheck deductions under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"). On August 23, 2019, Dolly filed the instant motion to dismiss and strike pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 23.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to

---

[1] 1:18-cv-4455, Dkt. 27.

relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[c]ourts in this District … evaluate motions to strike class allegations under Rule 23, not Rule 12(f)." *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Federal Rule of Civil Procedure 23 states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). If the class allegations in the complaint "are facially and inherently deficient … a motion to strike class allegations can be an appropriate device to determine whether the case

will proceed as a class action." *Buonomo*, 301 F.R.D. at 295 (internal quotation omitted).

## **DISCUSSION**

Dolly moves the Court to dismiss the Plaintiffs' claims for two reasons: (1) the Plaintiffs are not employees, which is required to bring minimum wage claims under these statutes, and (2) the Plaintiffs have not alleged sufficient facts to state a claim for relief. Additionally, Dolly moves to strike the Plaintiffs' class allegations due to lack of typicality. The Court addresses each argument in turn.

**I. Motion to Dismiss**

**A. Whether the Plaintiffs Are Employees**

Liability for unpaid wages under the statutes at issue only extends in the employer-employee context. *Boyce v. SSP America MDW, LLC*, 2019 WL 3554153, *2–3 (N.D. Ill. 2019); *Shages v. MDScripts Inc.*, 2019 WL 2327651, *2 (N.D. Ill. 2019). Courts do not rely on "formalistic labels or common law concepts of agency" to determine whether an employer-employee relationship exists. *Boyce*, 2019 WL 3554153, at *3 (internal citation omitted). Rather, "courts must examine the economic reality of the working relationship" by assessing "the totality of the circumstances." *Id.* In conducting this analysis, courts look at "whether the defendant (1) had the power to hire and fire the employee, (2) supervised and controlled the employee's work schedule and conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*

The Plaintiffs allege that an employer-employee relationship existed between Dolly and themselves because: (1) Dolly controlled their rate of payment by setting rates charged to customers for moving services and preventing them from negotiating higher rates based on unexpected work; (2) Dolly controlled the payment of compensation after the moving services were completed by the Plaintiffs; (3) Dolly controlled job assignments and the division of responsibilities between helpers for scheduled moves; (4) Dolly prohibited helpers from performing or soliciting independent services for customers; (5) Dolly required training on their policies and procedures; (6) Dolly exercised discipline over helpers who did not follow Dolly policies, including paycheck deductions and the right to "deactivate" helpers; (7) Dolly mandated work methods through frequent e-mail communications and required that work be completed in specific timeframes; and (8) Dolly required Dolly attire to be worn at job-sites. Taken together, these allegations demonstrate a notable level of control exercised by Dolly and are sufficient to plead the existence of an employer-employee relationship at the motion to dismiss stage. Given that this relationship was adequately plead, the Court will address the sufficiency of the underlying minimum wage claims.

**B. Sufficiency of FLSA, IMWL, and CMWO Claims**

The FLSA provides that "every employer shall pay to each of his employees who in any workweek is engaged in commerce…not less than—$7.25 an hour." 29 U.S.C. § 206. The Seventh Circuit has held that FLSA violations are not measured on an hourly

5

basis, but rather by the employee's average wages over the course of the workweek. *Hirst v. SkyWest, Inc.*, 910 F.3d 961, 965 (7th Cir. 2018). Therefore, to state a claim under the FLSA, "the plaintiffs must plausibly allege at least one workweek for which the compensation they received, divided by their total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour."[2] *Hirst v. SkyWest, Inc.*, 283 F.Supp.3d 684, 691 (N.D. Ill. 2017), *affirmed by Hirst*, 910 F.3d at 966.

This Court previously dismissed the Plaintiffs' allegations for failure to state the amount they were compensated for any workweek and the number of hours worked within that timeframe. *Vann v. Dolly, Inc.*, 2019 WL 1785589, *2 (N.D. Ill. 2019). With respect to Plaintiff Van Wills, these problems persist in the second amended complaint. The only allegations concerning Van Wills are based on information and belief,[3] and lack the factual support required by the Court's initial opinion. Indeed, the allegations regarding Van Wills do not state his hours worked or rate of pay for a weeklong date range, as required to state a minimum wage violation. Accordingly, the claims as to Van Wills are dismissed with prejudice.

---

[2] This test also applies to the Plaintiffs' claims under the IMWL (mandating $8.25 per hour) and the CMWO (mandating $10.50 per hour). *See Nassis v. LaSalle Executive Search, Inc.*, 2018 WL 2009502, *8–9 (N.D. Ill. 2018). The only additional requirement for claims under the CMWO is "that the employee performs at least two hours of work for an Employer while physically present in Chicago." *Id.* at *9 (internal quotation omitted).

[3] "On merits issues, information and belief allegations are perfectly fine … where the basis for the contention is not something properly within plaintiff's personal knowledge. But where something is alleged which should be within a plaintiff's personal knowledge, an information and belief allegation thrusts the complaint into the realm of speculation." *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 2017 WL 4310671, *4 (N.D. Ill. 2017).

With respect to Plaintiffs Vann and Walker, those deficiencies were corrected in the second amended complaint. Vann stated that during the week of September 4, 2016, he earned eighty-four dollars and worked for 11.5 hours performing moving services. This equates to an hourly rate of $7.30, which is less than the IMWL and the CMWO. However, he also alleged that he worked an additional forty-eight hours of unpaid time reviewing jobs, making bids, accepting jobs, and reviewing e-mail instructions from Dolly regarding his services. When accounting for this time, his hourly rate fell to approximately $1.41. Vann also alleges that during the week of September 24, 2016,[4] he earned ninety-five dollars in wages for 21.476 hours of work, bringing his hourly wage to $4.42. Both of these rates fall below that mandated by the FLSA, IMWL, and CMWO.

Similarly, Walker alleged that during the week of April 15, 2018, he worked one on-site job for fifty-one minutes and was paid $49.00. Further, he alleged that he spent an additional seventy-four hours of unpaid time during that week, completing largely the same tasks found in Vann's allegations. When accounting for this time, Walker's hourly rate fell to $1.53—a rate below what is required by the FLSA, IMWL, and CMWO.

---

[4] The second amended complaint incorrectly alleged that this incident took place in 2017. However, the Plaintiffs asked the Court to take judicial notice that this was simply a typographical error, and the allegation should be dated in 2016 along with the other allegations. The Court grants this request and considers the allegation as if it was plead to state that the incident occurred in 2016.

Dolly asserts that the Plaintiffs cannot plead general assertions of unpaid time to make their hourly rate fall below the minimum wage. They note that in *Hirst v. SkyWest, Inc.*, this District rejected "allegations to the effect that employees frequently or typically performed uncompensated work" as speculative for purposes of FLSA claims. 283 F. Supp. 3d 684, 694 (N.D. Ill. 2017). While this holding is correct, it is distinguishable from the allegations at issue here. In *Hirst*, the plaintiffs alleged that "during some unknown week or weeks, they worked enough off-duty hours to drive their effective wages below $7.25 [per] hour." *Id.* at 695. They did not state the total number of uncompensated hours or link that number to a particular week. Unlike the *Hirst* plaintiffs, Vann and Walker alleged a specific number of uncompensated hours for a particular workweek, allowing the Court to calculate their hourly wages and assess whether they fell below the minimum wage. Accordingly, these allegations suffice to stave off a motion to dismiss, and Dolly's motion to dismiss Counts I, II, and III is denied as to Vann and Walker.[5]

**C. Sufficiency of IWPCA Claim**

The IWPCA gives employees "a cause of action against employers for the timely and complete payment of earned wages." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016). "In particular, the IWPCA prohibits employers from taking

---

[5] Dolly also relies on *Butler v. East Lake Management Group, Inc.*, arguing that this case establishes that the Plaintiffs' claims are barred by the statute of limitations. 2012 WL 2115518, *5 (N.D. Ill. 2012). The Court disagrees. Unlike in *Butler*, the Plaintiffs included their FLSA, IMWL, and CMWO claims in their initial complaint. Accordingly, the relation back doctrine preserves their claims for statute of limitations purposes. *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011).

deductions from employees' wages unless the deductions are: (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; or (4) made with the express written consent of the employee, given freely at the time the deduction is made." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1050 (7th Cir. 2016) (internal quotation omitted).

However, the IWPCA narrowly defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the [two] parties…." 820 ILCS 115/2. "As such, to state a claim under the IWPCA, the [plaintiffs] are required to demonstrate that they are owed compensation from defendants pursuant to an employment agreement." *Enger*, 812 F.3d at 568 (citing *Dominguez v. Micro Ctr. Sales Corp.*, 2012 WL 1719793 (N.D. Ill. 2012) ("[T]he IWPCA mandates overtime pay or any other specific kind of wage only to the extent the parties' contract or agreement requires such pay.")). As the Seventh Circuit has held, "the IWPCA provides no substantive relief beyond what the underlying employment contract requires." *Enger*, 812 F.3d at 570.

In granting Dolly's initial motion to dismiss the Plaintiffs' IWPCA claims, we noted that the Plaintiffs only asserted conclusory allegations of an agreement, devoid of any details as to what the parties agreed. *Vann*, 2019 WL 1785589, *3. While the Plaintiffs have asserted the existence of a "Helper Agreement" in their second amended complaint, that agreement does not specify a certain agreed upon rate of pay. Moreover, the agreement includes a list of activities for which the Plaintiffs would receive

compensation, including loading, unloading, moving, hauling, lifting, packing, and assembling or disassembling property—all of which fall outside of the alleged uncompensated activities. Absent an agreement to pay the Plaintiffs a certain wage, the Plaintiffs' IWPCA claims cannot proceed.

The Plaintiffs attempt to salvage their IWPCA claim by noting that Dolly's website advertises "Helpers, Make $30/hr or more" and "Hands, Make $15/hr or more." 1:18-cv-4455, Dkt. 36, Pg. 8. However, this advertisement does not constitute an agreement, but "merely an invitation to make an offer." *O'Keefe v. Lee Calan Imports, Inc.*, 128 Ill. App. 2d 410, 412 (Ill. App. Ct. 1970). Accordingly, Dolly is not bound by this advertisement, and this allegation cannot provide the foundation for an IWPCA claim. As such, Dolly's motion to dismiss Count IV is granted.

## II. Motion to Strike

Finally, Dolly moves to strike the Plaintiffs' class allegations pursuant to Federal Rule of Civil Procedure 23. Under Rule 23, the party seeking class certification must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)–(4). Dolly asserts that the Plaintiffs' class allegations lack the third element, typicality, because they are overbroad.

The Plaintiffs propose four alleged class definitions in the second amended complaint—one for each of the statutes at issue. Given that the only remaining claims arise under the FLSA, IMWL, and CMWO, the Court will only consider those definitions.

The Plaintiffs' proposed class definition under the FLSA and IMWL is: "All individuals who were employed by Defendant Dolly, Inc. to perform moving services, in Illinois during the past three years." 1:18-cv-4455, Dkt. 36, Pgs. 10, 11. The proposed class definition under the CMWO is: "All individuals who were employed by Defendant Dolly, Inc. to perform moving services, in the geographic limits of the City of Chicago during the past three years." *Id.* at 11.

Under either definition, the defined class is too broad because it exceeds the scope of the Plaintiffs' allegations. The Plaintiffs have only alleged harms suffered by those employed as "helpers," not in any other capacity. Therefore, defining the class as "all individuals who were employed by Defendant Dolly, Inc. to perform moving services" would capture individuals who have not suffered the harms complained of in the second amended complaint. *Loreto v. Procter & Gamble Co.*, 2013 WL 6055401, at *4 (S.D. Ohio 2013) ("A class is overbroad if it includes significant numbers of consumers who have not suffered any injury or harm."). Given that the defined class is facially overbroad, it is appropriate to strike the class allegations at the pleadings stage. *Miles v. Am. Honda Motor Co., Inc.*, 2017 WL 4742193, *5 (N.D. Ill. 2017) ("[C]ourts

may strike class allegations at the pleading stage when they are facially and inherently deficient….") (internal quotation omitted). Therefore, the motion to strike is granted.

## **CONCLUSION**

For the aforementioned reasons, the Court grants in part and denies in part Dolly's motion to dismiss and grants the motion to strike. It is so ordered.

Dated: 2/25/2020

_____

Charles P. Kocoras
United States District Judge