IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Orlandes Vann, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>Dolly, Inc.,<br><br>      Defendant. | No. 1:18-cv-04455<br><br>Honorable Charles P. Kocoras |

## THE PARTIES' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SETTLEMENT APPROVAL UNDER THE FAIR LABOR STANDARDS ACT

Plaintiffs Orlandes Vann ("Vann") and Demetrious Walker ("Walker") (collectively, "Plaintiffs") and Defendant Dolly, Inc. ("Defendant") (Plaintiffs and Defendants together are the "Parties") hereby submit this Memorandum of Law in Support of the Parties' Joint Motion for Settlement Approval ("Motion") of Plaintiffs' Claims under the Fair Labor Standards Act ("FLSA").

## BACKGROUND

1. On June 26, 2020, Vann initiated this class and collective action against Defendant, asserting claims under the FLSA, Illinois Minimum Wage Law ("IMWL"), Chicago Minimum Wage Ordinance ("CMWO"), and the Illinois Wage Payment and Collection Act IMWL. *See* Dkt. No. 1.

2. In the Complaint, Plaintiffs alleged that Defendant: failed to pay Plaintiffs at least the federally, state, and/or locally-mandated minimum wages for all time worked in violation of the FLSA, IMWL, and CMWO based on the time they spent reviewing, booking, and confirming customer jobs through Defendant's internet-based applications ("app"); and committed unauthorized paycheck deductions against the Plaintiffs' wages for job rescheduling penalties in violation of the IWPCA. *See id.*

3. On November 8, 2018, Defendant filed a motion to dismiss Plaintiffs' Complaint and motion to strike class action allegations. Plaintiffs filed a motion for leave to file a First

Amended Complaint on December 14, 2018. The Court granted Plaintiffs' motion on December 20, 2018. *See* Dkt. Nos. 11, 13, 16, 18.

    4. On January 29, 2019, Defendant once again filed a motion to dismiss Plaintiffs' First Amended Complaint and motion to strike Plaintiffs' class action allegations. The Court granted Defendant's motion and dismissed Plaintiffs' First Amended Complaint without prejudice on April 24, 2019. *See* Dkt. Nos. 20-21, 27.

    5. On July 24, 2019, Plaintiffs filed a Second Amended Complaint. Shortly thereafter, on August 23, 2019, Defendant filed a motion to dismiss the Second Amended Complaint and motion to strike the class allegations. *See* Dkt. Nos. 36, 41-42.

    6. On February 25, 2020, the Court granted Defendant's motion to strike Plaintiffs' class allegations and granted in part and denied in part Defendant's to dismiss Plaintiffs' Second Amended Complaint. The Court dismissed Plaintiffs' IWPCA claim for failure to state a claim, but indicated that Plaintiffs could proceed with their FLSA, IMWL, and CMWO claims.[1]

    7. On May 22, 2020, Defendant produced documents and information related to the hours Plaintiffs worked and what they were paid during the relevant time period, which, in addition to documents in Plaintiffs' possession, enabled the Parties to substantively review Plaintiffs' individual claims. Defendants aver that these documents reflected the amount of time spent on Defendant's app and performing moving services, as well as the total amount of earnings Plaintiff received for performing such services.

    8. On the basis of the Parties' records, Plaintiffs and Defendant ultimately agreed to attempt to resolve the matter on an individual basis. Plaintiffs and Defendant exchanged a series of demands and offers before agreeing to resolve the matter.

    9. The Parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendant to evaluate the Parties'

---

[1] Additionally, the Court dismissed with prejudice the claims relating to a third plaintiff, Elliot Van Wills. Mr. Van Wills alleges that this judgment is not yet final and that he will still have the opportunity to appeal this Court's decision when a final decision is reached in the case and unless his claims are settled. Fed. R. Civ. P. 54(b), Fed. R. App. P. 4.

claims and defenses and make recommendations regarding the resolution of Plaintiffs' claims in this matter.

10. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it prefers to amicably conclude the instant litigation, while taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendant has taken into account the uncertainty and risks inherent in any litigation.

11. Plaintiffs likewise determined that they prefer to amicably resolve their claims, and notwithstanding what they believe is the clear merit of their claims and allegations, rather than proceed with this litigation. Additionally, Plaintiffs have taken into account the uncertainty and risks inherent in any litigation.

12. The Parties have memorialized the settlement terms in a Negotiated Settlement and Release Agreement, which is attached as Exhibit A.

## ARGUMENT

### I. LEGAL STANDARD.

"It is a well settled principle that the law generally encourages settlements." *See Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016). Moreover, courts routinely approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *See id.* (collecting cases); *see also Langdon v. ServiCom, LLC*, No. 17 CV 50185, 2018 WL 4520222, at *1 (N.D. Ill. Apr. 25, 2018), *report and recommendation adopted*, No. 17 C 50185, 2018 WL 4520217 (N.D. Ill. May 15, 2018). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *See Briggs*, 2016 WL 7018566, at *1 (citing *Lynn's Food Store's, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

This is not a class action settlement, but is rather being settled on an individual basis. For this reason, the Parties' Motion need not track the detailed Rule 23 fairness factors. Indeed, courts within the Seventh Circuit have repeatedly found that a one-step settlement approval

process is appropriate where the matter is not a Rule 23 action. *See id.*; *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 CIV. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016); *see also deMunecas v. Bold Food LLC*, 09-Civ.00440 (DAB), 2010 WL 3322580, at *6 (S.D.N.Y. Aug. 23, 2010) ("The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement.").

At all times material hereto, Plaintiffs and Defendant were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the Parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of relevant pay records, and other documents related to Plaintiffs' time spent searching for jobs on Defendant's app and performing jobs and/or work. The Parties, therefore, respectfully submit that the agreement they have entered into represents a reasonable compromise of Plaintiffs' claims consistent with the intent and purpose of the FLSA.

Based upon the foregoing, the Parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. The Parties request that the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice.

## CONCLUSION

WHEREFORE, the Parties respectfully request that this Court grant the Parties' Motion and enter their proposed order of dismissal.

DOLLY, INC.

By: /s/ Jeannil D. Boji
      One of Its Attorneys

Jeannil D. Boji
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
312.324.8400

By: /s/ Patrick Cowlin
      One of Plaintiffs' Attorneys

M. Nieves Bolaños
Patrick Cowlin
POTTER BOLAÑOS LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800
nieves@potterlaw.org
patrick@potterlaw.org

Nicholas Kreitman
Gainsberg Law, P.C.
22 West Washington Street, 15th Floor
Chicago, Illinois 60602
(312) 600-9585
nick@gainsberglaw.com

Dated:  December 21, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2020 a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

*/s/* Patrick Cowlin     
Patrick Cowlin
