# Exhibit A

## **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Release (this "Agreement") is made and entered into by and between Dolly, Inc. (the "Company" or "Defendant"), Orlandes Vann ("Vann"), Elliot Van Wills ("Van Wills"), and Demetrious Walker ("Walker") (collectively, "Plaintiffs"). Collectively, the Company and Plaintiffs shall be referred to as the Parties.

WHEREAS, Plaintiffs commenced the above-captioned action against Defendant and in the United States District Court for the Northern District of Illinois (the "Court") on June 26, 2018, bearing Case No. 1:18-cv-04455 (the "Action"), alleging violations of the Fair Labor Standards Act (the "FLSA"), the Illinois Minimum Wage Law ("the IMWL"), and the Chicago Minimum Wage Ordinance ("CMWO"), seeking, among other things, unpaid non-overtime and overtime wages, liquidated damages, prejudgment interest and attorneys' fees;

WHEREAS, Defendant denies and continues to deny all allegations, claims and potential claims made by Plaintiffs against it in their entirety;

WHEREAS, Plaintiffs assert their claims have merit;

WHEREAS, the Parties desire to avoid the costs, risks and delays associated with litigation, and to fully and finally resolve all claims asserted in the Action or which could have been asserted in the Action based on the facts alleged in the pleadings filed in the Action;

WHEREAS, the Parties reached a settlement, after engaging in good faith negotiations at arms-length, that is acceptable to them and that constitutes a fair and reasonable compromise of Plaintiffs' claims, Defendant's defenses and the *bona fide* dispute pertaining to the FLSA claims between the Parties; and

WHEREAS, the Parties have memorialized their settlement by way of this Agreement and understand that they are forever waiving certain legal rights by signing this Agreement and

150484438.1

enter into this Agreement voluntarily and with full understanding of, and agreement with, its terms.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Consideration**.

    (a) For and in consideration of the promises of Plaintiffs set forth in this Agreement, including but not limited to the release contained in Section 3, below, and subject to an order by the Court approving the terms and conditions of this Agreement and dismissing Defendant from the Action with prejudice as set forth herein (the "Final Dismissal Order"), Defendant agrees to pay Plaintiffs and their attorneys $10,000 (the "Settlement Payment") in full and final satisfaction of all issues between the Parties.  This Settlement Payment shall be paid within fourteen (14) days after the Court dismisses the Action against Defendant without prejudice and the Court shall retain jurisdiction solely to enforce the following terms of the Agreement. If the Settlement Payment is timely made and no enforcement proceedings are pending, then the dismissal without prejudice will automatically convert to a dismissal with prejudice within 21 days of the entry of the order dismissing the matter without prejudice.

    (b) The Settlement Payment shall be paid as follows:

    i. Checks will be issued payable to Vann in the total amount of three thousand Dollars and Zero Cents ($3,000) (less applicable withholdings), with $1,500 to be paid as wages, which will be reported to taxing authorities as wages and for which Defendants will issue to Plaintiff a Form W-2, and $1,500 to be paid as penalties and other amounts for which Defendants will issues a 1099.

    ii. Checks will be issued payable to Walker in the total amount of one thousand Dollars and Zero Cents ($1,000) (less applicable withholdings), with $500.00 to be paid as wages, which will be reported to taxing authorities as wages and for which Defendants will issue to Plaintiff a

    Form W-2 and $500 to be paid as penalties and other amounts for which Defendants will issue a 1099.

  iii. Checks will be issued payable to Van Wills in the total amount of one thousand Dollars and Zero Cents ($1,000) (less applicable withholdings), with $500.00 to be paid as wages, which will be reported to taxing authorities as wages and for which Defendants will issue to Plaintiff a Form W-2 and $500 to be paid as penalties and other amounts for which Defendants will issue a 1099.

  iv. A Check will be issued payable to Plaintiffs' attorneys in the amount of five thousand Dollars and Zero Cents ($5,000.00). This payment shall represent payment for attorneys' fees and costs incurred by Plaintiffs. Plaintiffs' attorneys shall provide a completed Form W-9 at the time Plaintiffs return an executed copy of this Agreement. This payment will be made payable to Potter Bolanos LLC. This amount will be reported to taxing authorities on a Form 1099.

2. **No Consideration Absent Execution of This Agreement**. Plaintiffs acknowledge and agree that the Settlement Payment is being paid in exchange for Plaintiffs' agreement to this Settlement Agreement, including, but not limited to, Plaintiffs' agreement to waive and release the claims set forth in Section 3 of this Agreement, and that Plaintiffs would not be entitled to payment of the Settlement Amount otherwise. Plaintiffs further agree that except as set forth in Section 1 of this Agreement, they are not entitled to any payments and/or benefits from Defendant or the Company Released Parties, including, but not limited to, wages, compensation, back pay, front pay, vacation pay, pay for paid time off, sick pay, holiday pay, incentive pay, bonuses, expenses, commissions, compensatory, liquidated or punitive damages, attorneys' fees, costs or other payments, and that no one has promised or offered Plaintiffs any consideration other than that described herein in return for execution of this Agreement.

3. **Release of Claims by Plaintiffs**.

  (a) For and in consideration of the promises of Defendant set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiffs, for themselves, and their executors,

-3-

administrators, heirs and assigns, hereby fully release, waive and fully discharge the Company Released Parties (defined collectively to include the Company, its parents, subsidiaries and affiliates, partnerships, joint ventures - including but not limited to any companies, corporations, partnerships or joint ventures that become related to or affiliated with the Company, and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this definition (each of the Company Released Parties, individually, a "Company Released Party")), from any and all claims, actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to the facts and claims asserted by Plaintiffs in the pleadings filed in the Action against Defendant or that could have been raised by Plaintiffs based on the facts asserted in the pleadings, whether such claims are known or unknown, under federal, state, and/or local wage and hour laws, including, but not limited to, the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, and any claims arising from or relating to Plaintiffs' engagement of services with Defendant, including without limitation, claims for breach of contract, wrongful discharge or termination, retaliatory discharge or termination, the Age Discrimination in Employment Act (ADEA), the Older Workers Benefit protection Act ("OWBPA"), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Illinois Human Rights Act, the Right to Privacy in the Workplace Act, the Illinois Occupational Safety and Health Act, the Illinois Worker Adjustment and Retraining Notification Act, the Illinois One Day Rest in Seven Act, the Illinois Union Employee Health and Benefits Protection Act, the Illinois Employment Contract Act, the Illinois Labor Dispute Act, the Victims' Economic

Security and Safety Act, the Illinois Whistleblower Act, the Illinois Equal Pay Act, Cook County Human Rights Ordinance, Chicago Human Rights Ordinance, Illinois Constitution and all other statutes and regulations related to the foregoing; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner. This release does not include any claims that may arise after the date this Agreement is signed by Plaintiffs.

      (b)     Plaintiffs are not releasing by signing this Agreement: (i) any right to enforce this Agreement; (ii) any right, if any, to government-provided unemployment benefits; (iii) any right, if any, to workers' compensation benefits; (iv) any right Plaintiffs may have to COBRA benefits and any vested retirement benefits and/or 401K plan benefits or other vested benefits for which they are eligible in accordance with the terms of the respective employee benefit plans; (v) filing or disclosing any facts necessary to receive unemployment insurance, Medicaid, or other public benefits to which Plaintiffs are entitled; and (vi) any claims that cannot be released as a matter of law.

    4.    **Release by Defendant**. Defendant represents and warrants that to the best of its knowledge, it does not have any claims against Plaintiffs and releases and waives the right to bring any action against the Plaintiffs and releases them each from any and all claims, actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands. For purposes of this section, Defendants are defined collectively to include the Company, its parents, subsidiaries and affiliates, partnerships, joint ventures - including but not limited to any companies, corporations, partnerships or joint ventures that become related to or affiliated with the

Company, and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this definition (each of the Company Released Parties, individually, a "Company Released Party")).

5. **Dismissal of Pending Matter**. For and in consideration of the promises set forth in this Agreement, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs agree: (i) to seek dismissal of the Action without prejudice or cause Defendant to be dismissed from the Action without prejudice within seven (7) days of the Effective Date of this Agreement, (defined in Section 18(c)); and (ii) not to re-file the causes of action against Defendant asserted in the Action or any other causes of action that could have been asserted against Defendant in the Action based on the alleged facts set forth in the pleadings filed in this Action. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a *bona fide* dispute over provisions of the FLSA. The Parties shall sign the Stipulation and Proposed Order of Dismissal without Prejudice (the "Dismissal Order") that is attached to this Agreement as **Exhibit A.** The Dismissal Order shall be filed in the United States District Court for the Northern District of Illinois with a fully executed copy of this Agreement and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of Defendant from this Action with prejudice. If no other filing to enforce the terms of the Agreement is made within twenty-one days of the filing of Exhibit A, the dismissal shall automatically convert to a dismissal with prejudice.

6. **Representations**. Plaintiffs affirm that in the Action they have asserted a claim seeking, *inter alia*, unpaid wage or overtime pay under the FLSA, the IMWL, CMWO and/or any other law, regulation or basis and affirm there is a *bona fide* dispute as to such FLSA claims

-6-

that are being settled and released by this Agreement.  Plaintiffs believe the settlement is fair and reasonable and authorize their attorneys to seek approval of the settlement from the Court, and dismissal of Defendant from the Action with prejudice.  Plaintiffs also affirm they reserved the right to assert other claims pertaining to the engagement of their engagement of services with Defendant and they acknowledge that the consideration provided in this Agreement is sufficient to release non-wage claims related to their engagement of services with Defendant.

7. **No Other Lawsuits**.  Plaintiffs acknowledge and agree that other than this Action, they have not filed or initiated any lawsuits, complaints, proceedings, charges, or other claims against Defendant, or the Company Released Parties.  Plaintiffs agree not to institute any action, including wage and hour claims or claims related to Plaintiffs' engagement of services with Defendants, against Defendant based on any claims or allegations that exist on or prior to the date that Plaintiffs execute this Agreement and that are released by this Agreement.  Nothing in this Agreement prohibits Plaintiffs from providing truthful information to third parties.  Nothing in this Agreement prohibit Plaintiffs from speaking with law enforcement, the Equal Employment Opportunity Commission, the state division of human rights, a local commission on human rights or an attorney retained by Plaintiffs.  Plaintiffs are not precluded from filing a charge or complaint with, or from participating, testifying or assisting with an investigation or proceeding conducted by the Equal Employment Opportunity Commission or any other federal, state, or local agency charged with the enforcement of any employment laws or from complying with a subpoena from such an agency.  By entering into this Agreement, however, Plaintiffs are waiving rights to individual relief based on claims asserted in such charge or complaint.  This waiver does not apply if it is otherwise prohibited by law, and Plaintiffs are not waiving their right to whistleblower awards under Section 21F of the Securities Exchange Act.

8. **<u>Non-Admission</u>**. The Parties hereto recognize and agree that Defendant does not admit, and expressly denies, any violation of law or any liability to Plaintiffs or anyone else as a result of or growing out of matters that: (i) are set forth in the pleadings, without limitation, the Complaint (or any subsequent amendment thereto), filed by Plaintiffs in this Action; (ii) could have been raised in this Action; or (iii) otherwise involve Plaintiffs' engagement of services with Defendant and/or their independent contractor classification. Plaintiffs shall not be considered a prevailing party with respect to Defendant. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of this Action, in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement. The Parties hereto recognize and agree that Plaintiffs assert their allegations have merit.

9. **<u>Taxes</u>**. The Parties understand and agree that they are solely responsible for any and all of their respective tax obligations that may result from the Settlement Payment and that Plaintiffs are not relying on any representations made by Defendant or its counsel regarding the tax implications of the Settlement Payment. Neither party shall be required to indemnify the other for any reason related to taxes. Plaintiffs understand that they should seek their own advice on the taxability of these amounts. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS, state and municipal regulations, if, notwithstanding such belief, the IRS or any other federal, state, or local government, administrative agency, or court determines that Plaintiffs and/or Defendant are liable for any failure to pay federal, state, or local taxes with respect to the Settlement Payment, the Party found liable shall be responsible for any fines, penalties, or other payments ordered to

be paid.  Defendant understands it is responsible for its employer share of taxes on the settlement amounts and that those will be paid from outside the settlement amount.

        10.      **Severability**.  If any provision of this Agreement or part hereof shall be held invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions (and parts) contained herein shall not in any way be affected or impaired.  Any provision of this Agreement or part hereof adjudged invalid, illegal, unenforceable or overbroad (so as to prohibit enforcement to its full effect) will be enforced to the maximum extent permitted by applicable law and the Parties agree that such provision or part may be modified accordingly.

        11.      **Status of Settlement if Case is Not Ultimately Dismissed**.  In the event that the Court fails to dismiss the Action against Defendant without prejudice or with prejudice after twenty-one days, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.  In the event the Action is not dismissed, Plaintiffs agree that they will not argue Defendant waived its right or ability to move to compel arbitration by negotiating this settlement.

        12.      **Governing Law**.  This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of Illinois, without regard to conflict of law principles.  The Parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction over the Agreement.

13. **Entire Agreement**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind have been made by any other Party or Parties, agents, representatives, attorneys, to induce the execution of this Agreement. This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement. This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

14. **Legal Fees**. Except as provided for in this Agreement, each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

15. **Changes to the Agreement.** This Agreement may not be changed, amended, modified or terminated except by a written instrument signed by each of the Parties to this Agreement.

16. **Agreement Jointly Drafted by Counsel**. This Agreement shall be deemed to have been jointly drafted by counsel for Defendant and counsel for Plaintiffs and shall not be construed for or against any Party because that Party drafted the Agreement or requested the inclusion of any particular provision. Both Parties have been represented by counsel in this matter, have had an opportunity to review, comment on and revise the Agreement with their counsel and understand all of the terms and the significance of signing the Agreement.

17. **Knowing and Voluntary Release**. Plaintiffs agree as follows:

    (a) Plaintiffs have carefully read this Agreement and acknowledge the Agreement is written in a manner that they clearly understand.

(b) Plaintiffs understand that if they sign this Agreement, they will be forever waiving, releasing and surrendering all claims described in Section 3 (including, but not limited to, those arising under the ADEA), against Defendant and all other Company Released Parties.

(c) Plaintiffs understand they are not waiving any rights or claims that may arise after the date on which this Agreement is executed.

(d) Plaintiffs acknowledge they are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiffs are otherwise entitled. The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.

(e) Plaintiffs were not coerced into signing this Agreement, enter into this Agreement, and agree to all its terms and significance, knowingly, deliberately and voluntarily, without duress or reservation of any kind, and after having given the matter full and careful consideration.

(f) Plaintiffs have been advised in writing, and hereby are advised in writing, through this Agreement, to consult with an attorney of Plaintiffs' choice about this Agreement before signing it. Plaintiffs reviewed the terms of the Agreement and had an opportunity to confer with his counsel, Patrick Cowlin, to obtain advice with respect to the terms of this Agreement and has had the opportunity to consider Plaintiffs' counsel's advice with respect to the Agreement.

18. **Consideration and Revocation Period**.

      (a)      Plaintiffs may take up to twenty-one (21) days following receipt of this Agreement to execute and return it (through their counsel) by e-mail delivery to:

> Jeannil Boji
> Perkins Coie LLP
> jboji@perkinscoie.com

      (b)      Plaintiffs shall have seven (7) days following execution within which to revoke the Agreement, which may be done by notifying the above individual (Jeannil Boji); and

      (c)      The "Effective Date" of this Agreement shall be the eighth (8) day after Jeannil Boji receives this Agreement timely and properly executed and returned by Plaintiffs as stated in subsection (a) above, provided Plaintiffs have not timely revoked it.

      19.      **Counterparts**.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

      IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Agreement and Release as of the date set forth below:

**DEFENDANT:**

On behalf of Dolly, Inc.

DATE: 12.21.2020

By: *M.R.Howell*

Name: Mike Howell
Title: CEO

**PLAINTIFF ORLANDES VANN:**

DATE:_____

_____

-12-

150484438.1

-13-

Orlandes Vann

**PLAINTIFF DEMETRIOUS WALKER:**

DATE:_____     _____

Demetrious Walker

**PLAINTIFF ELIOT VAN WILLS:**

DATE:_____     _____

Eliot Van Wills

-13-

150484438.1

|  | **PLAINTIFF ORLANDES VANN:** |
|---|---|
| DATE: Dec 20, 2020 | /s/ Orlandes Vann |
|  | Orlandes Vann |
|  | **PLAINTIFF DEMETRIOUS WALKER:** |
| DATE:_____ | _____ |
|  | Demetrious Walker |
|  | **PLAINTIFF ELIOT VAN WILLS:** |
| DATE:_____ | _____ |
|  | Eliot Van Wills |

-13-

150484438.1

**PLAINTIFF ORLANDES VANN:**

DATE: _____  _____
Orlandes Vann

**PLAINTIFF DEMETRIOUS WALKER:**

DATE: 12/20/2020  *Demetrious Walker*
Demetrious Walker

**PLAINTIFF ELIOT VAN WILLS:**

DATE: _____  _____
Eliot Van Wills

|  | **PLAINTIFF ORLANDES VANN:** |
|---|---|
| DATE:_____ | _____ |
|  | Orlandes Vann |
|  | **PLAINTIFF DEMETRIOUS WALKER:** |
| DATE:_____ | _____ |
|  | Demetrious Walker |
|  | **PLAINTIFF ELIOT VAN WILLS:** |
| DATE:_____ | *Elliott Wills* (signature) |
|  | Eliot Van Wills |

150484438.1